## Borough of Mauch Chunk *versus* Kline.

1. A municipality is not liable for an injury caused to a foot passenger by reason of the slippery condition of its streets alone. It is liable, however, where such injury is caused by the accumulation of ice or snow into hills and ridges so as to render passage dangerous.

2. The crossing of a street in a certain borough consisted of two parallel lines of flat stones, with cobble-stones between. There was much ice or snow on the ground, which had lain there for some time. The snow on the flat stones at the crossing was beaten down, but on the cobble-stones was an inch or two higher. A., who was familiar with the crossing, passed it in the evening, and in so doing slipped and fell. In

[Borough of Mauch Chunk *v.* Kline.]

an action by him against the borough to recover damages for the injuries occasioned him by said fall, *Held*, that there was nothing in the surroundings to attract the notice of the borough authorities, and render it their duty to reduce the crossing to a dead level, and that therefore defendant was entitled to judgment.

March 10th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Carbon county :* Of January Term 1882, No. 64.

Case, by F. C. Kline against the Borough of Mauch Chunk, to recover damages for personal injuries suffered by the plaintiff by falling in the highway. The narr. averred that the fall was occasioned by an accumulation of ice and snow in ridges which the defendant negligently permitted to remain upon and obstruct the said highway. Plea, not guilty.

Upon the trial, before DREHER, P. J., the following facts appeared :—About nine o'clock on the evening of Sunday, February 9th 1879, the plaintiff while walking northwardly across Race street, along the line of Susquehanna street, fell on the ice and snow and was injured. The grade of Race street ascends just above this crossing, and the crossing itself has a descending grade from its centre to the north side of Race. The footway of this crossing is composed of two parallel rows of flag stones, each 18 or 20 inches wide, the intervening space of about 10 inches being paved with cobble-stones. The gutter at each side of Race street was bridged with iron plates. The plaintiff was perfectly familiar with this crossing, as he used it several times a day in passing from his store, situate at the southwest corner of Race street and Susquehanna avenue, to his residence. It was a main thoroughfare for foot passengers, and was also constantly crossed by sleighs, wagons, and horses going from Race street into Susquehanna street, and also by boys coasting down the Race street hill.

At the time the plaintiff fell the crossing was covered with snow and the surface was icy and very slippery. He testified that the deposit of snow and ice might have been there a month or six weeks, and that the borough authorities never caused it to be cleaned off. He admitted that there was no high ridge or mound of snow or ice, but said that " it was rounding"; the snow and ice was from three to six inches thick; the centre of the crossing was higher by an inch or two than it was on each side ; plaintiff could not tell whether he slipped on this ridge or on the beaten track, but it was the ice that caused him to fall.

The defendant presented, inter alia, the following point :

13. Under all the evidence in the case, the verdict must be for the defendant. *Refused.*

Verdict and judgment for the plaintiff, for $486.27. The

[Borough of Mauch Chunk v. Kline.]

defendant took this writ of error, assigning for error, inter alia, the refusal of the above point.

*Edward Harvey* (*Wm. G. Freyman* with him), for the plaintiff in error.—The narr. averred that the borough was negligent in permitting the crossing to be obstructed. There was no evidence that ridges of snow and ice were permitted to exist or remain on this crossing. The proof was that it was covered with ice and snow which was very slippery. Mere slipperiness arising from a smooth surface of ice and snow does not render a municipal corporation liable to one injured by falling, on the ground of negligence : McLaughlin *v.* Corry, 27 P. F. S. 109 ; Cook *v.* Milwaukee, 1 Amer. Rep. 183 ; Stanton *v.* Springfield, 12 Allen 566 ; Evans *v.* Utica, 25 Amer. Rep. 165 ; Luther *v.* Worcester, 97 Mass. 270 ; City of Providence *v.* Clapp, 17 How. 161 ; Collins *v.* Council Bluffs, 32 Iowa 326 ; Billings *v.* Worcester, 102 Mass. 329. There being neither presumption nor proof of negligence, the court should have directed a verdict for defendant : Railroad Co. *v.* Fries, 6 Norris 234.

*Samuel A. Boyle* and *Allen Craig*, for defendant in error.— There was distinct evidence that the borough authorities had permitted the ice and snow to accumulate at this crossing during the entire winter ; and that there was a ridge of ice in the centre of the pathway, rounding to each side, which rendered the crossing dangerous, and caused the plaintiff's fall. This was ample to take the case to the jury, and the case is ruled by McLaughlin *v.* Corry, 27 P. F. S. 109.

Chief Justice SHARSWOOD delivered the opinion of the court, March 20th 1882.

It was said by Mr. Justice GORDON in McLaughlin *v.* City of Corry, 27 P. F. Smith 113, " a municipality cannot prevent the general slipperiness of its streets caused by the snow and ice during the winter, but it can prevent such accumulations thereof in the shape of ridges and hills as render their passage dangerous." Upon a careful examination of the evidence, and especially of the testimony of the plaintiff himself, we cannot find that his fall was owing to any hill or ridge, for the non-removal of which the borough ought to be responsible in damages. The learned judge very rightly charged the jury that the plaintiff must satisfy them that there was an obstacle other than the mere slippery condition and smoothness of the surface that made the passage over the crossing where he fell dangerous. The accident was at a crossing, which was constructed

[Borough of Mauch Chunk *v.* Kline.]

of two parallel rows of flat stones, with an iron plate at the approach to each pavement. The space between the flat stones was filled with cobble stones. The crossing was covered with snow which had been trodden and hardened into ice by incessant travel. It was natural that pedestrians acquainted with the crossing would generally prefer the flag stones, and the consequence would be that the snow on the cobble stones would be higher than on the flag stones. There was some difference of opinion among the witnesses as to the height of this elevation. It was probably different in different places. The passage of vehicles of various kinds across the footpath would sufficiently account for such variations. The plaintiff himself said, " the centre of the walk was higher than it was on each side, the centre of the walk between the two stones." When asked " how much ·higher was the centre of the walk than that part of the walk where the stones are ?" he answered, " May be an inch and a half or two inches." When asked, " What caused you to fall ?" he answered, " It was the ice that made me slip and fall." As far as appears, this was the only obstacle in the street to which the·accident could be imputed, other than the slipperiness occasioned by the snow and ice. We cannot consider this as a ridge or hill suffered to accumulate, and rendering the crossing any more dangerous. Walking in such weather and especially in the dusk of the evening is always accompanied with peril. Was there anything in the surroundings to attract the notice of the borough authorities, and make it their duty to reduce the whole crossing to a dead level ? We think not,· and that there was no evidence of negligence in the borough. This renders it unnecessary to discuss the assignments of error in detail, as we think the thirteenth point of the defendant would have been affirmed, that under all the evidence in the case the verdict must be for the defendant.

Judgment reversed.