# McIntyre, Appellant, *v.* City of Pittsburgh.

*Negligence—Municipalities—Streets and highways—Steps—Plan of construction.*

1. In an action against a city to recover damages for personal injuries sustained by the plaintiff while descending a flight of steps constructed and maintained on the side of a hill by the city for the use of pedestrians, the negligence charged being that the construction of the steps was too steep and narrow for safety, the jury should not be permitted to say that the judgment and discretion vested in the city authorities in connection with public thoroughfares was not properly exercised in the adoption of the plan under which the steps were constructed, where it is not shown that the method of construction was unusual or that it differed from the ordinary plan found in such localities and there is an absence of evidence as to the conditions on the ground and as to the requirements for the public service at that place.

*Evidence—Measurements—"Guesses" or "belief."*

2. Where the matter of measurement is important, the "guesses" or "belief" of a witness cannot be accepted as against the sworn statement of competent witnesses who give the results of actual measurements.

Argued October 29, 1912. Appeal, No. 60, Oct. T., 1912, by plaintiff, from judgment of ₁C. P., No. 2, Allegheny Co., Jan. T., 1908, No. 359, for defendant n. o. v., in case of Jessie B. McIntyre v. The City of Pittsburgh. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HAYMAKER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $2,000. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*Rody P. Marshall,* with him *W. C. McClure,* for appellant.—It was the duty of the city to maintain the footwalk in a reasonably safe condition: Easton Boro. v. Neff, 102 Pa. 474; Kies v. Erie, 169 Pa. 598; Krug v. St. Mary's Boro., 152 Pa. 30; Allentown v. Kramer, 73 Pa. 406; Kennedy v. Williamsport, 11 Pa. Superior Ct. 91.

Under the testimony, the case was for the jury: Bastian v. Philadelphia, 180 Pa. 227; Bank v. Carr, 15 Pa. Superior Ct. 346; Lerch v. Bard, 153 Pa. 573; Bucklin v. Davidson, 155 Pa. 362; Bellman v. Pittsburgh & A. V. Ry. Co., 31 Pa. Superior Ct. 389; Whitehouse v. Pittsburg Railways Co., 36 Pa. Superior Ct. 681.

*B. J. Jarrett,* Assistant City Solicitor, with him *C. A. O'Brien,* City Solicitor, and *C. K. Robinson,* Assistant City Solicitor, for appellee.—The subject matter is one of discretion on the part of the city authorities, and the manner of exercise of that discretion cannot be made the basis of an action in negligence: Urquhart v. Ogdensburg, 91 N. Y. 67; Conlon v. St. Paul, 70 Minn. 216 (72 N. W. Repr. 1073); Gift v. Reading, 3 Pa. Superior Ct. 359; Horner v. Philadelphia, 194 Pa. 542; Robinson v. Norwood Boro., 27 Pa. Superior Ct. 481; Mason v. Philadelphia, 205 Pa. 177; Canavan v. Oil City, 183 Pa. 611; Wright v. Lancaster, 203 Pa. 276.

The steepness of the steps was not shown to be the proximate cause of the injury: Welsh v. Railroad Co., 181 Pa. 461; Philadelphia & Reading Railroad Co. v.

Schertle, 97 Pa. 450; Lanning v. Pittsburgh Railways Co., 229 Pa. 575; Alexander v. Water Co., 201 Pa. 252; Bube v. Weatherly Boro., 25 Superior Court, 88; Mason v. Philadelphia, 205 Pa. 177.

OPINION BY MR. JUSTICE POTTER, January 6, 1913:

For the convenience of pedestrians in a hilly district, the City of Pittsburgh constructed two flights of steps on Oakley alley, extending from Josephine street for a distance of about one hundred and twenty feet up to McCord street. The top flight was short, consisting of nine or ten steps, extending from a platform at the top to a platform at the foot of this flight. The plaintiff, a lady some sixty-two years of age, testified that while coming down this flight on the evening of November 23, 1905, when about half way down, she fell and received injuries for which she sought to recover damages in this suit. She charged the city with negligence in using the particular plan upon which the steps were constructed, they being as she contended, too steep and too narrow in the tread. At the trial the question was left to the jury, who found a verdict in favor of the plaintiff; but afterwards, upon a motion for judgment non obstante veredicto, the court below entered judgment for the defendant upon the ground that the evidence offered by the plaintiff to show negligence in the action of the city, was not sufficient to justify its submission to the jury. It was not contended, nor was there any evidence tending to show that the steps were out of order in any way. Criticism was directed entirely against the manner in which they were constructed. It was claimed that they were too steep, and that the treads were not wide enough. It was not shown that the method of construction was unusual, or that it differed from the ordinary plan found in such localities. It is the duty of the city to construct and maintain its public ways so that they shall be reasonably safe and convenient for ordinary use and travel. In performing this duty it is bound to use

ordinary care and diligence, but it is not bound to provide against the possibility of an accident. Nor would a mere error in judgment in laying out a way, or as in this case, adopting a plan for building steps, be negligence. Certain difficulties growing out of the conditions had to be met. The steepness of the hillside and the limitations of space in the alley had to be considered, and these features called for the exercise of discretion and judgment upon the part of the municipal authorities in determining the plan upon which the steps were to be constructed. In the absence of evidence as to the conditions on the ground, and as to the requirements for the public service at that place, it was not for the jury to say that the judgment and discretion vested in the city authorities was not properly exercised in the adoption of the plan under which the steps were constructed. The discretion properly exercised by the municipality "is not to be held subject to the verdicts of juries": Horner v. Philadelphia, 194 Pa. 542.

There was no eye witness of the accident, and the explanation given by the plaintiff was by no means clear. There was a hand railing at the side, but she did not remember taking hold of it. While she and some of the witnesses who testified in her behalf, found fault with the width of the tread of the steps, yet none of them had measured it, and none of them knew with any degree of accuracy what the width was. They merely guessed at it when they said six or seven inches. And over against these guesses was the clear and positive testimony of the contractor who built the steps, and of the assistant city engineer and the inspector of highways and several other witnesses who knew whereof they affirmed, and spoke from actual knowledge derived from measurements; and these men all said that the steps were broad, being twelve inches in the tread, with an overlap from the step above of not more than an inch. If this was true, the steps were admittedly all that could be desired in that respect. The width of the tread was important

from the plaintiff's standpoint, for unless she could show that it was too narrow for safety, her case must fail. She brought nothing more than conjecture upon the part of her witnesses to sustain the point, and as against actual measurements, these guesses did not amount to a scintilla of evidence. Where a matter of measurement is important, the "guesses" or "belief" of a witness cannot be accepted as against the sworn statements of competent witnesses who give the results of actual measurements. The fact of the fall in itself proved nothing. A slip or catching of the heel upon a stairway at any time is not uncommon. The evidence shows that these steps were the means of passage up and down a steep hillside, and they were used daily by hundreds of people; but it did not appear that any complaint of danger in their use was ever made to the city or its agents. Whatever may have been the occasion of plaintiff's fall, it does not appear to have been chargeable to the plan upon which the steps were constructed and maintained by the city.

The assignments of error are overruled, and the judgment is affirmed.