# Newell, Appellant, v. Pittsburgh.

*Negligence—Municipalities—Defect in street crossing—Pedestrian—Notice.*

1. The law does not require a municipality to maintain perfect street crossings. The standard is reasonable safety.

2. A variation of one and one-half inches between the elevation of adjoining ends of flagstones in a street crossing, is not evidence of negligence on the part of the municipality so as to make the latter liable for injuries to a pedestrian who falls at the point of such obstruction.

Argued October 19, 1923. Appeal, No. 9, Oct. T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1916, No. 520, for defendant n. o. v., in case of Mary Newell v. Pittsburgh. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before DOUGLASS, J.
The opinion of the Supreme Court states the facts.
Verdict for plaintiff. Judgment n. o. v. for defendant. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Thomas M. Marshall,* with him *R. P.* and *M. R. Marshall,* for appellant, cited: Campbell v. Vincent, 259 Pa. 419; Calligan v. City, 272 Pa. 28; Steck v. Allegheny, 213 Pa. 573; Turner v. Boro., 245 Pa. 15; Gillard v. Chester, 212 Pa. 338; Walton v. Phila., 55 Pa. Superior Ct. 373.

*John E. Laughlin,* with him *Richard W. Martin,* for appellee, cited: Garland v. Wilkes-Barre, 212 Pa. 151; Blaine v. Phila., 33 Pa. Superior Ct. 177; Mauch Chunk Boro. v. Kline, 100 Pa. 119.

OPINION BY MR. JUSTICE FRAZER, January 7, 1924:

Plaintiff, while crossing a street in the City of Pittsburgh, at night, caught her foot on the edge of one of the stepping stones and fell, causing injuries for which this action was brought to recover compensation. The jury returned a verdict in her favor, which the court subsequently set aside and entered judgment for defendant, assigning for reason the proofs failed to disclose a defect in the crossing sufficient to impose liability on the city.

The negligence charged in the statement of claim was the permitting of ice and snow to accumulate in ridges on the crossing, thereby rendering it dangerous for pedestrians. The evidence offered on behalf of plaintiff shows the crossing, which extended from curb to curb, consisted of large granite blocks or stepping stones laid end to end, each about five feet long and eighteen inches wide. At the place of the accident the stones failed to completely join, leaving a vacant space of an inch and one-half with the end of one stone extending above the other practically the same distance. Plaintiff testified: "There was one of those stones which was slanting down, and my foot caught in it, and that's what threw me down, and I fell on my leg. Q. Did you catch in it, or slip? A. Why, I must have caught in there, because I couldn't get my foot out. I caught it in the bad part of the street at the crossing. Q. And at the place where you fell, was that the place where one stone was higher than the other? A. Yes, and one was down......Q. Was there ice there? A. Yes. Q. And what had the ice to do with your falling? A. Well, I slipped and I suppose I slipped in this hole. Q. And then your foot caught? A. Yes sir......Q. And there was ice there? A. There was no ice that I know of. Q. But there was ice where you fell? A. There must have been ice where the stone runs down. Q. And you slipped on the ice? A. My foot caught. Q. But did you slip on the ice? A. I don't remember slipping on anything—just my foot

caught in there and I couldn't get it out quick enough and I fell on my leg. Q. There was ice? A. There might have been ice in this here hole where I fell. Q. Now, wasn't there ice there? A. Now, I am not sure. Q. Wasn't it freezing, wasn't it almost zero that night? A. It was cold, just like to-day. Q. Almost zero, and the streets and the sidewalks generally were slippery, weren't they? A. No; none was slippery. I walked about nine squares each way, and I didn't fall until I— Q. But they were slippery nevertheless? A. No, none of them were slippery." Plaintiff stated she did not observe the condition of the flagstones; a witness called by her, however, testified the space between the two stones was full of water and covered with ice. It thus appears the cause of the accident was not the presence of ridges and accumulation of ice and snow nor the hole or space between the two adjoining blocks but the elevation of the end of one flagstone above the end of the other to a height of practically one and one-half inches. This condition of the crossing existed for many years, consequently, if unsafe for use by pedestrians, the city had ample notice of the defective situation. The sole question for our consideration is whether one and one-half inches between the elevation of the ends of the adjoining  stepping  stones was sufficient to warrant a finding of negligence on the part of the city.

The surface of city streets cannot be maintained in an absolutely level condition. There must necessarily be unevenness and offsets here and there. "The law does not require perfect sidewalks. The standard is reasonable safety": Purcell v. Riebe, 227 Pa. 503, 505. Nor does it require flagstones in street crossings to be kept in a perfectly level and even condition.

In these days of heavy vehicular traffic it would be unreasonable to hold that a variation of one and one-half inches between the elevation of adjoining ends of flagstones in a street crossing is evidence of negligence on the part of the municipality. If it should be so held

practically all streets paved with block or cobble stones would impose upon the municipality liability as an insurer against accidents to not only pedestrians using crossings, but all users of the highway, despite the difficulty, if not utter impossibility, to maintain a smooth and uniform surface. In the matter of keeping streets and crossings in repair, courts have not extended liability of municipalities to that degree. The facts here involved are somewhat similar to those in Mauch Chunk Boro. v. Kline, 100 Pa. 119; there the accident occurred at a crossing constructed of two parallel rows of flat stones with an iron plate at the approach to each sidewalk. The space between the crossing stones was paved with cobbles. Plaintiff slipped and fell; there were differences of opinion as to the height of ridges of ice adjoining the flagstones, estimated by witnesses at from one and one-half to two inches. This court there held such an elevation was not of a character sufficient to permit a pedestrian to recover from the borough for injuries sustained by a fall caused by the condition of the crossing. Under the circumstances here presented plaintiff's evidence fell short of showing the city failed to perform its duty to keep the crossing in a reasonably safe condition.

The judgment is affirmed.