Lunzer *v.* Pittsburgh & Lake Erie R. R., Appellant.

Argued March 20, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Carl E. Glock,* with him *Reed, Smith, Shaw & McClay,* for appellant.—The physical facts show that plaintiff was guilty of contributory negligence as a matter of law: Chapman v. Clothier, 274 Pa. 394; Cubitt v. R. R., 278 Pa. 366; Hill v. Rapid Transit Co., 271 Pa. 232; Kuhns v. Traction Co., 290 Pa. 303; Winner v. Mellon, 287 Pa. 288; Bernstein v. R. R., 252 Pa. 581.

The "sudden peril" rule does not apply in this case: Thomas v. R. R., 275 Pa. 579; B. & O. R. R. v. Goodman, 275 U. S. 66.

The evidence of failure of defendant to give a warning signal was insufficient to go to the jury: Craft v. Hines, 272 Pa. 499.

*Henry Ellenbogen,* with him *J. Thomas Hoffman,* for appellee.—The negligence of appellant caused the injury to plaintiff: Mellon v. R. R., 282 Pa. 39; Cubitt v. R. R., 278 Pa. 366; Waltosh v. R. R., 259 Pa. 372.

Being placed, through the fault of appellant, in a position of sudden danger, appellee is not responsible for an error of judgment: Thomas v. R. R., 275 Pa. 579; Calhoun v. R. R., 223 Pa. 298; Armstrong v. Ry., 81 Pa. Superior Ct. 337.

Mathematical calculation and the physical facts do not convict plaintiff of contributory negligence: Mills v. R. R., 284 Pa. 605; Carroll v. R. R., 12 W. N. C. 348; Howard v. R. R., 219 Pa. 358; Burkett v. R. R., 74 Pa. Superior Ct. 404.

Appellee is free from contributory negligence: Thomas v. R. R., 275 Pa. 579; Kuhns v. Traction Co., 290 Pa. 303; Neuman v. R. R., 283 Pa. 416; Rice v. R. R., 271 Pa. 180; Ely v. Ry., 158 Pa. 233; Schwarz v. R. R. 211 Pa. 625.

OPINION BY MR. JUSTICE SCHAFFER, April 15, 1929:

This action grows out of a right-angle grade crossing collision between plaintiff's automobile truck and defendant's train, in which the truck was demolished and plaintiff injured. Appealing from the judgment entered against it on the verdict in plaintiff's favor, defendant submits to us that no recovery should have been sanctioned by the court below because of appellee's contributory negligence.

The public road upon which appellee was traveling crossed defendant's tracks at grade about 900 feet from the crossing where the accident occurred. At this first crossing there were but two tracks. Appellee, driving the truck, passed over these two tracks and proceeded along the road, substantially parallel with the railroad, until he reached the point where the highway again crossed the railroad. At this point there were three tracks, the additional one being a siding track nearest

to him as he approached, which extended to his left for a distance of 200 feet from the crossing, where it terminated in a large mound of dirt called in railroad parlance a "dirt bumping block." The day was clear and appellee, who was familiar with the crossing, having traveled over it as a huckster for five years, testified that he stopped, looked and listened when he was from three and a half to four feet from the siding, saw or heard no approaching train, and started up his automobile in low gear at a speed of three miles an hour; and added, "I was in the first track [the siding] with the first wheel and I noticed the train coming." Instead of stopping (the siding was of standard guage, five feet, two inches, and the distance between it and the first main track eight feet), he proceeded and was struck on the first main track by the locomotive coming from his left, it hitting the rear end of his truck. He was seated on the left of the vehicle, his helper alongside him on his right and a boy whom he employed was in the rear. The helper jumped before the track was reached and escaped injury; the boy was killed. Plaintiff's excuse for proceeding after he saw the train was that he did not know which track it was coming on. He knew, however, that there were but two main tracks, because he had but a few moments before crossed them at the other crossing and an instant's reflection would have brought to mind that the advancing train could not have been running on the track he first came to, and in which he was when he first observed it, because it did not exist at the two-track crossing which he had just passed over. Furthermore, had he been at all attentive to his surroundings, and he must have been if he is to recover, he would have seen that the siding was lower than the main track and not similarly ballasted, and, looking in the direction of the approaching train, that it ended 200 feet away in the large mound of earth composing the dirt bumper, which was necessarily visible to him had he looked, as it is in the small photographs submitted

to us as part of the record. Hence, had he exercised any caution when he stopped or when, in his own language, his first wheel was in the siding, and he saw the approaching train, he would have avoided it. He was then in a place of safety, ten or more feet from the first rail of the track on which the train was running and owing to his slow speed could have instantly halted. Appellee's counsel insist that the testimony of appellant's witnesses that the first track was a spur track and at the end thereof was a dirt pile was oral testimony and the jury had the right to disbelieve it. They are mistaken as to this. No witness said that the track was not a spur track or that there was not a dirt pile at the end of it. The photographs in the record, whose correctness is not denied, established the truth of appellant's testimony in this respect. The jury was not warranted in disbelieving testimony such as this.

The trial judge in his opinion says that "The one fact that justified submission to the jury was that plaintiff did not know whether the train was on the first track (siding) or the second track. Of course the train could not have been on that track, but did the defendant know this or should he have known it? If he knew or should have known, then he knew......that he was in a place of safety...... If he did not know on which track the train was running, of course, he found himself in a position of sudden peril and cannot be held responsible for an error of judgment." The fact is that he was not in a position of sudden peril when he noticed the train. If he mistakenly thought he was because he did not use his sense of sight to see what was plainly observable, that the train was on the second track, he cannot hold the railroad company liable, because his proceeding onward into the path of the train was due to his own faulty observation. The rule of sudden peril which the court applied has no bearing on such a state of facts as are here presented; if it had, then in almost every grade crossing accident case, a plaintiff who had not taken

adequate precaution in driving over a railroad, could set up that suddenly noticing an approaching train which he should have seen before, he was placed in sudden peril. It is only when one is put in sudden peril without his own fault that he is not responsible for an error of judgment and will not be conclusively charged with contributory negligence: Thomas v. Penna. R. R. Co., 275 Pa. 579, 583; Knepp v. Baltimore & Ohio R. R. Co., 262 Pa. 421, 425. One about to cross a railroad at grade, where there is always likely to be danger, must exercise great caution and have his senses alert to apprehend his surroundings and to see and hear those things which would be manifest to him had he done so; failing to see or hear what he could and ought to have seen or heard, he cannot visit liability on the railroad company if disaster overtakes him as he proceeds across its tracks.

Even if the siding were entirely out of the case, plaintiff could not recover because of his failure to observe the train. From where he stopped, three and a half or four feet from the first rail of the siding, he had a clear view of about 1,000 feet in the direction of the approaching locomotive. He had this view from a point sixteen feet from the first rail of the spur track and continuing up to the second track. While the railroad was on a curve, it was what is known as a flat curve of but three per cent. The distance in which the train could be seen is established by a survey made by a civil engineer with instruments of precision and is demonstrated by an accurate map drawn to scale and photographs. While plaintiff said he could see for a distance of 400 feet only, he admitted that no dependable or reliable approximation of the distance had been made by him before the accident or at any other time. He said that in company with his attorney it was measured about two weeks after the accident—"he [the attorney] measured it up, half, about 200 feet. He measured half way." In response to the question, "He measured half way, and

guessed the other half?" he replied, "Yes, sir." "I measured 200 feet and after that I judged 200 feet more." This testimony could not prevail against what was shown by an accurate survey and actual measurements: Chapman v. Clothier, 274 Pa. 394; Cubitt v. New York Central R. R. Co., 278 Pa. 366. The photographs exhibit a white house near the tracks in the direction from which the train came, plainly to be seen from the crossing which was at least 1,200 feet away. Weiss, who was riding on the seat with plaintiff and who jumped to safety, said he could see 400 feet, "maybe more."

Plaintiff testified the train was running 55 or 60 miles an hour. He was obviously mistaken in this assertion, because it was to stop at a station about 200 feet beyond the crossing, and was running sufficiently slow not to clear the crossing when it stopped as a result of the collision, one of the cars, of which there were but three attached to the engine, blocking it when the train was at rest. No one testified that the engine ran more than 250 feet beyond the point where it struck the automobile. From this it is manifest that the train could not have been running at the speed plaintiff said it was. The distance traversed after the accident has a bearing on the question of speed: Kuhns v. Conestoga Trac. Co., 290 Pa. 303. Where a person drives an automobile in front of a rapidly approaching train, which he could have seen if he had looked, he cannot recover for injuries sustained: Hepps v. Bessemer & Lake Erie R. R. Co., 284 Pa. 479; Winner v. Mellon, Director General, 287 Pa. 288; Joseph v. Pittsburgh & West Virginia Ry., 294 Pa. 315. Plaintiff's contributory negligence should have been declared by the court below as a matter of law and binding instructions should have been given for defendant.

We have refrained from commenting upon the testimony of defendant's witnesses as to whether or not plaintiff stopped, and have disregarded it in reaching our conclusion. In its opinion the court below says that

the preponderance of the evidence was that plaintiff did not stop. By passengers at the station who were waiting for the train and who observed him as he approached the tracks, by disinterested witnesses who lived in the vicinity and were watching him, and by others who were working near by, it was shown that he did not halt his automobile at any time as he approached the crossing.

The judgment is reversed and is here entered for defendant.