## Walker, Appellant, *v.* Stern.

Argued April 26, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and RHODES, JJ.

*Henry Kauffman,* with him *Louis Little,* for appellant.

*Alexander Cooper,* with him *Arnold J. Lange,* for appellee.

OPINION BY PARKER, J., July 15, 1938:

The plaintiff brought this action in trespass against the defendant, an owner and occupier of real estate, for personal injuries received as the result of an alleged fall through an opening in the sidewalk in front of defendant's property and obtained the verdict of a jury. Thereafter the court below entered judgment for the defendant n. o. v. and plaintiff has appealed to this court. We are all of the opinion that the common pleas court correctly held that the plaintiff was guilty of contributory negligence which barred a recovery.

We will state the evidence intended to support the verdict in a light most favorable to plaintiff, giving him the benefit of every reasonable inference arising from the facts shown, as we are required to do in a consideration of a question of the nature here presented. We will also assume the negligence of the defendant to have been shown and confine our attention to the sole question raised: Was the plaintiff guilty of contributory negligence?

The premises were entered through a vestibule about three feet in depth at the rear of which was a door opening into and swinging toward the restaurant. The vestibule was apparently of about the width of the door and was formed by plate glass, part of a show window, on the left and a solid wall on the right as one entered. In the concrete sidewalk and in front of the show window just to the right as one left the vestibule was a trap door set in iron and leading to the basement of the

building. As shown by the testimony of a witness who made actual measurements, the opening extended from the building line into the sidewalk a distance of thirty-seven inches and was thirty-six inches in width. Into this opening were fitted in an iron frame two iron doors of equal size. As one left the vestibule the edge of the opening was twenty-three inches to the right of the right wall of the vestibule formed by the plate glass window. The doors were hinged on a line at right angles to the building line so that when they were opened and lying flat the nearest edge of the open door was five inches to the right of the entrance as one left the premises. The floor of the vestibule was three inches above the level of the sidewalk. We have stated these actual measurements rather than some rough estimates made *(McIntyre v. Pittsburgh,* 238 Pa. 524, 528, 86 A. 300; *Wright v. Pittsburgh Rys. Co.,* 320 Pa. 40, 43, 181 A. 476; *Lunzer v. P. & L. E. R. R. Co.,* 296 Pa. 393, 145 A. 907) although if the nearest edge of the door when opened was in line with the plate glass side of the vestibule, as stated by plaintiff, our legal conclusion would not be affected.

On April 2, 1935, at about 2 P. M., plaintiff entered this restaurant from the side on which the trap doors were located and passed over those doors which he noticed were then closed. A few moments later one of plaintiff's witnesses entered the restaurant and he testified that the doors were then open, lying flat upon the sidewalk. It was a clear day and plaintiff was familiar with the trap doors, their location, and the entrance to the restaurant, he having frequently been a patron of the defendant. He remained in the restaurant about twenty minutes eating his lunch and had no knowledge that the doors had been opened in the meantime.

As plaintiff left the restaurant he was immediately followed by his witness, Cabell. That witness stated that he was about two feet in the rear of plaintiff and that when plaintiff turned to his right to go down Her-

ron Avenue he took about two steps and then stepped right into the opening. The plaintiff stated that when he came out of the door he reached back to close it and found someone else following him. He then turned to the right and had taken about one step when he tripped over the trap door lying flat upon the sidewalk and fell into the basement. Part of the testimony of plaintiff was as follows: "I came out. I stepped down just enough to throw me. That is the way it happened. Q. And you looked before you stepped down? (No answer). Q. You did not look before you stepped down? A. No, sir." The plaintiff also stated that the opening was about two feet to the right of the side of the vestibule as he was leaving the premises. Other testimony of the plaintiff indicates very clearly that he did not look before he stepped down from the vestibule and turned to his right.

When in broad daylight one walks into an obvious and exposed defect in a sidewalk, a presumption of contributory negligence arises and the burden is on the party complaining to show conditions outside of himself that prevented him from seeing the defect, or which would excuse his failure to observe it: *Klein v. Pittsburgh,* 97 Pa. Superior Ct. 56, 61. This is precisely what the plaintiff in this case did. He had an unobstructed view of the hole and doors and if he had looked, which he says he did not do, he would have avoided the danger. The law exacts reasonable care of those who use public footways and if the user fails to notice an obvious danger he is negligent as a matter of law. It was the duty of this plaintiff, when he stepped from the level of the vestibule to look where he was stepping, and the same is true when he turned to the right on the pavement and fell into a large and open hole in broad daylight. There was no evidence that there was anyone ahead of him or other obstruction to his view.

These principles have been reiterated many times.

*Stackhouse v. Chas. H. Vendig & Co.,* 166 Pa. 582, 31 A. 349, is closely parallel on the facts to those in the present case and as to contributory negligence that case is controlling here. Also, see *Lane v. Dickinson,* 276 Pa. 306, 120 A. 264; *Davis v. Wilkes-Barre,* 286 Pa. 488, 134 A. 105. The rule permitting a less degree of care to customers in stores is restricted to the interior passageways and aisles of the store: *Bilger v. Great A. & P. Tea Co.,* 316 Pa. 540, 175 A. 496. We have examined the cases cited by appellant and they have no application to the facts present here.

Judgment affirmed.