## McDonald, Appellant, *v.* Mars Borough.

Argued September 29, 1952. Before STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*John N. Gazetos,* with him *Armand R. Cingolani,* for appellants.

*John L. Wilson,* for appellee.

OPINION BY MR. JUSTICE JONES, November 18, 1952:

The plaintiff sued to recover damages from the defendant borough for injuries she received in a fall due to an alleged negligent condition of a sidewalk along a public street of the borough. At trial, the defendant moved for a compulsory nonsuit on the grounds (1) that the plaintiff had failed to establish negligence on the part of the defendant as the proximate cause of her injury and (2) that the plaintiff was guilty of contributory negligence as a matter of law. The motion was denied. The defendant rested without offering evidence but submitted a point for binding instructions which the court refused. The jury

returned a verdict for the plaintiff. The defendant filed motions for a new trial and for judgment n.o.v. The court granted the latter on the ground that the plaintiff was guilty of contributory negligence as a matter of law. From the judgment entered for the defendant, the plaintiff took this appeal.

The accident occurred between 9 and 10 o'clock on a morning in February while the plaintiff and a woman companion were walking, arm in arm, on a sidewalk along Grand Avenue in the Borough of Mars. At the point of accident there were two metal trap doors which extended out into the sidewalk from the adjacent building. The doors, when closed as they were at the time, formed a part of the sidewalk. The act of negligence alleged was the existence of breaks and a subsidence in the cement pavement immediately adjoining the metal doors which produced a difference of approximately one and one-half to two inches between the level of the doors and the level of the surrounding pavement. This condition had existed for a considerable period of time and had long been known to both the plaintiff and the defendant. The weather was dry at the time of the accident, but there had been some snow earlier which, having melted, left the metal doors wet or damp. The plaintiff, with her right foot on the subsided portion of the pavement at an outside corner of one of the metal doors, placed her left foot on the door. As she did so, the foot (i.e., her left) slipped out from under her and she fell to the ground, receiving the injury for which she sued.

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff as the jury's verdict requires, the plaintiff's contributory negligence as a matter of law stands out so patently as to leave little room for discussion. It clearly appears in the plaintiff's case that the defec-

tive condition of the sidewalk had long been known to her and that its presence was readily discernible in the daylight. In *Leson v. Pittsburgh,* 353 Pa. 207, 210, 44 A. 2d 577, we quoted and applied the pertinent rule, as then lately recognized in *Cox v. Scarazzo,* 353 Pa. 15, 17, 44 A. 2d 294, that "One who, in broad daylight, walks into an obvious defect in a sidewalk is presumptively negligent. '* * * the burden rests upon the party complaining to show conditions outside of himself which prevented him seeing the defect, or which would excuse his failure to observe it': Lerner v. City of Philadelphia, 221 Pa. 294, 296." See also *Petruski v. Duquesne City,* 152 Pa. Superior Ct. 393, 395-396, 33 A. 2d 436, and *Walker v. Stern,* 132 Pa. Superior Ct. 343, 346, 200 A. 897, where the foregoing rule was applied in affirming judgments n.o.v. for defendants on the ground that the plaintiffs were guilty of contributory negligence as a matter of law in walking on obvious defects in sidewalks. The judgment n.o.v. for the defendant in the instant case was proper.

In disposing of the case on the ground of the plaintiff's contributory negligence, no inference is to be drawn either way as to whether the evidence made out a case of negligence on the part of the defendant. Cf. *Harrison v. Pittsburgh,* 353 Pa. 22, 24-25, 44 A. 2d 273; *Davis v. Potter,* 340 Pa. 485, 17 A. 2d 338; *McGlinn v. Philadelphia,* 322 Pa. 478, 186 A. 747; *Newell v. Pittsburgh,* 279 Pa. 202, 123 A. 768; and *Borough of Mauch Chunk v. Kline,* 100 Pa. 119. In *Harrison v. Pittsburgh,* supra, the projection of a sewer manhole cover "approximately two inches" above the surrounding sidewalk was held as a matter of law to be of so slight and trivial a nature as not to constitute negligence on the part of the municipality which permitted it to exist. But, even if the evidence as to the defective condition of the sidewalk in the instant case were

considered sufficient to establish negligence on the part of the defendant borough, such negligence could not be deemed the proximate cause of the plaintiff's injury according to her testimony. It was her *left* foot which, when placed on the metal trap door, slipped out from under her and caused her to fall and not her right foot which was on the depressed (i.e., the alleged defective) portion of the pavement at the time: see *Davis v. Potter*, supra, at p. 487.

Judgment affirmed.

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

In this case the majority opinion distinguishes between the left foot and the right foot of the plaintiff as if they belonged to two different persons. If the right foot of the plaintiff was tramping on a defective portion of the sidewalk as her left foot was descending on the metal door, the resulting fall was just as much a part of the left foot's action as that of the right foot, because both movements constituted a *single* step. I am not impressed by the dissecting analysis of a person's anatomy in reconstruction of an accident, as if the different members thereof acted entirely independently of each other. Regardless of the separate body movements, there is only one brain responsible for those movements.

There is no doubt whatsoever that the sidewalk on which Mrs. McDonald fell was defective. The condition was so bad that the defendant municipality on two different occasions directed the owners of the adjoining property to repair the defect, failing which the municipality declared it would accomplish the repairs at the expense of the owners. The majority opinion therefore cannot sustain its proposition that "no inference is to be drawn either way as to whether the evi-

dence made out a case of negligence on the part of the defendant." The verdict of the jury established the defendant's negligence and in considering any judgment n.o.v., *all* inferences reasonably deducible from the evidence must be drawn in favor of the plaintiff.

The only question before us is whether the plaintiff was guilty of contributory negligence, and in considering that question we are guided by but one standard of conduct: Did the injured person conduct himself as a reasonably prudent person? What does a reasonably prudent person do as he walks along the thoroughfares of any city? He certainly does not carry a measuring rod to probe the depth of the inequalities in the sidewalk underfoot.

The majority opinion quotes from *Leson v. Pittsburgh*, 353 Pa. 207, 210, 44 A. 2d 577, that "One who, in broad daylight, walks into an obvious defect in a sidewalk" has the burden "to show conditions outside of himself which prevented him seeing the defect, or which would excuse his failure to observe it." In meeting that burden Mrs. McDonald explained that at the time of the accident she was proceeding along the sidewalk with her friend Mrs. Kramer, both carrying packages. Did the packages, at the moment before the accident, hide from Mrs. McDonald's view the subsidence in the sidewalk which caused her to fall? While the record does not reveal the nature of the "few things" Mrs. McDonald and her friend were carrying, it is reasonably certain they could not have been large enough to blanket a view of the sidewalk. But we know from experience that the slightest object in the line of vision can black out the largest object at a sufficiently removed distance. A finger before the eye can wipe away the Brooklyn Bridge and a hand over the head can hide the moon or the sun. And there is

nothing in the law which says that carrying a package is contributory negligence per se.

Mrs. McDonald and Mrs. Kramer were talking at the time of the accident. Did this conversation distract the plaintiff to the point of contributory negligence? On this subject, Justice MESTREZEAT said in a case involving similar circumstances: ". . . we know of no decision and have been referred to none that authorizes the court to declare a pedestrian guilty of negligence because he talks with another while passing over a footwalk in the cities of this state." *Butcher v. Philadelphia*, 202 Pa. 1, 5.

The remaining item for consideration is whether the plaintiff's previous knowledge of the defect of itself convicted her of contributory negligence. In the same case of *Butcher v. Philadelphia*, this Court said that the inquiry in cases of this kind is "as to the plaintiff's negligence at the time she fell. At that time, her duty was reasonable care under the circumstances."

This specific question was submitted to the jury and the jury decided that Mrs. McDonald *did* exercise reasonable care under the circumstances. The law should not and does not in justice require of a pedestrian a *scrutinizing* vigilance which we know does not exist in the average person travelling over a usual course in a normal way.

The defect here was not a large hole or a torn-up sidewalk, which would proclaim its hazards and would be easily remembered by any reasonably-minded wayfarer. The defect was a slight subsidence which, while potentially perilous to the travelling public, was not so spectacularly evident to announce its presence to the average person who does not make a mental inventory of every loose brick and paving irregularity in the city. Even if the plaintiff did see the subsidence pre-

viously it was not of such a character as to register a large danger sign in her mind. Every person must each day travel countless miles of mental thoroughfares in meeting his work-a-day obligations and duties. And immersed as he is in his own preoccupations, the law does not require that he check off, as he walks over the physical highways, every impediment and chipped stone he may have witnessed before.

In the case of *Bruch v. Philadelphia,* 181 Pa. 588, 591, this Court said: ". . . the public walking on the pavements of a large city are not bound to exercise extraordinary care; care according to the circumstances, is all the law enjoins. They have the right to assume the pavements are reasonably safe, and that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them."

Although appellate decisions proclaim over and over that all that the law requires of a citizen is that he exercise ordinary care under the circumstances, many of these decisions in applying that rule to the facts of a specific case under consideration demand that the injured person show that he displayed a painstaking diligence not at all comporting with the norms of everyday existence. If every person on the streets were a Caspar Milquetoast, the tempo of life would drop to a snail's pace and become as "tedious as a twice-told tale, vexing the dull ear of a drowsy man."

The jury decided that Mrs. McDonald did all that was required of a reasonably prudent person; and if the defendant municipality had maintained its sidewalks in a reasonably safe condition, Mrs. McDonald would not have fallen and sustained the serious injuries which the jury appraised as entitling her to damages in the sum of $5,000.

I believe the verdict of the jury should be sustained.