**Lucacos v. Tzinis**

*Joseph T. Piscitello,* for plaintiff.
*Paul G. Lees,* for defendants.

LASH, *J.,* October 12, 2005—The matter before this court is the motion of defendants, Costas H. Tzinis and Sophia Tzinis, husband and wife, for summary judgment. Upon consideration of the record, and after argument held on October 7, 2005, the motion for summary judgment is granted and judgment is entered in favor of defendants and against plaintiff.

Plaintiff, Constantina Lucacos, filed the within complaint on June 23, 2003, claiming injuries resulting from

a fall she suffered on July 7, 2001, on property owned by defendants in Reading, Berks County, Pennsylvania. At that time, plaintiff was a social guest at defendants' home, having arrived with her friend, Effie Clauser, who was retrieving a van owned by Ms. Clauser which had been borrowed by defendant, Costas H. Tzinis. After arriving at defendants' home and briefly speaking with defendant, Costas H. Tzinis, at the front door, plaintiff returned to the car Ms. Clauser had driven to defendants' residence, and was standing outside the car waiting for Ms. Clauser, who continued to speak with defendant, Costas H. Tzinis. While plaintiff stood by the car, one of Ms. Clauser's children, who was seated in the backseat of the Clauser car, threw a ball toward plaintiff for her to catch. As she attempted to grab the ball, she took a step back and fell. In her complaint, plaintiff claims that her fall resulted from her stepping backward and tripping on or over a defective condition existing at the junction of defendants' driveway and sidewalk. The defect claimed was a difference in height between the concrete sidewalk pavement and the driveway macadam, varying from .75 inches to 1.5 inches.

Defendants filed the within motion for summary judgment, claiming that the height deviation is so trivial that defendants cannot be held negligent. Second, defendants argue that defendants are not required to maintain the area in an absolutely level condition, that the standard of duty of defendants is to maintain the area in a reasonably safe condition. Third, defendants argue that there is no evidence that plaintiff's trip and fall was caused by the height deviation.

In *Jones v. SEPTA,* 565 Pa. 211, 216, 772 A.2d 435, 438 (2001), the Supreme Court recently restated the standard for granting summary judgment:

"Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law. *Skipworth v. Lead Industries Ass'n Inc.,* 547 Pa. 224, 690 A.2d 169, 171 (1997). Summary judgment is proper in cases in which 'an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues be submitted to a jury.' Pa.R.C.P. 1035.2(2). We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303, 304 (1992)."

Plaintiff contends that there are sufficient facts to have this case presented to a jury. Central to the argument is the opinion of plaintiff's expert, a civil/structural engineer named John Posusney. Mr. Posusney examined the area of plaintiff's fall and determined that there was a "change in elevation between the asphalt and concrete which was between 0.75 inches and 1.5 inches." He concludes "based on a reasonable degree of engineering certainty, it is my opinion that the change in elevation and its configuration constituted a trip hazard that should have been discovered and repaired well in advance of the subject accident which occurred on July 7, 2001. This change in elevation between the abut-

ting surfaces was not trivial and, from an engineering perspective, is unacceptable."[1]

The question of whether liability should be imposed on a landowner for failing to correct an irregularity is not answered merely by determining whether the irregularity is significant enough to cause someone to stumble or fall. The issue must also be considered within the context of the landowner's duty, which takes into account not only the safety of the pedestrian, but also, among other things, the difficulty a landowner faces in the maintenance of sidewalks and driveways. The duty the law imposes upon landowners, such as defendants, is to maintain the pavement in a condition of reasonable safety, not to insure pedestrians traversing it against any and all accidents. *Harrison v. Pittsburgh,* 353 Pa. 22, 24, 44 A.2d 273, 274 (1945).

In the case of *German v. City of McKeesport,* 137 Pa. Super. 41, 48-49, 8 A.2d 437, 440-41 (1939), the Pennsylvania Superior Court provides an excellent synopsis of the reasoning behind the law structuring a landowner's duty in this fashion:

"The law does not require that sidewalks shall be as free of defects, imperfections, irregularities, unevenness, etc., as the floors of buildings. A reasonably safe condition is all that is necessary. Our climate, with its rain and snow, freezing and melting, frost and thaw, with their effects on exposed surfaces, including sidewalks, makes impossible the perfection of evenness to be expected in buildings and covered places. The roots of trees planted

---

1. Paragraph 8, affidavit of John Posusney, dated July 12, 2005.

along sidewalks—there were none in this instance, it is true—cause irregularities which, however, do not require remedying or repair until the break or imperfection is so great as to be patently dangerous. Such irregularities and unevenness are especially frequent and likely to occur where the sidewalk and curb join or abut, by reason of the curb loosening or separating from the sidewalk and the accumulation of dampness there; but, to impose liability on the property owner or the city, they must be so large and unusual as to appear dangerous to the ordinary pedestrian and everyday passerby. A difference or discrepancy of an inch and a half between the levels of two abutting curbstones was held not to impose liability: *McGlinn v. Philadelphia,* 322 Pa. 478, 186 A. 747. And such a variation—1 1/2 inches—between the adjoining ends of flagstones in a street crossing is not evidence of negligence imposing liability for injuries to a pedestrian who fell at that point: *Newell v. Pittsburgh,* 279 Pa. 202, 123 A. 768."

Plaintiff claims a distinction from the established legal standards because the fall occurred where the sidewalk meets the asphalt driveway. As such, the maintenance is different and less imposing upon an owner than would be the maintenance of sidewalks. However, the cases dealing with street, highway or sidewalk irregularities do not appear to recognize this distinction. No cases in support of this distinction are cited by plaintiff.

Under the circumstances, plaintiff's case lacks sufficient evidence to establish that defendants breached their duty to keep the sidewalk/driveway area in a reasonably safe condition. For this reason, we grant summary judgment. Accordingly, it is unnecessary to address the ques-

tion of whether plaintiff's evidence sufficiently establishes that her accident was caused by the defect.

We enter the following order:

## ORDER

And now, October 12, 2005, upon consideration of the motion of defendants, Costas H. Tzinis and Sophia Tzinis, husband and wife, for summary judgment, response thereto, briefs filed by the parties, and after argument held, the motion for summary judgment is granted. Judgment is entered in favor of defendants, Costas H. Tzinis and Sophia Tzinis, husband and wife, and against plaintiff, Constantina Lucacos.

