212      379
f 33 SC  251

# Becker, Appellant, v. Philadelphia.

*Negligence—Municipalities—Defect in sidewalk—Contributory negligence— Evidence—Question for jury.*

In an action by a woman to recover damages for personal injuries sustained by a fall in a hole on a sidewalk in a city, it appeared that the accident occurred about eleven o'clock in the morning. The hole was about five feet from the curb line, and was nineteen inches long and eighteen inches wide. A tree had formerly stood there, but had been cut down several months before. Plaintiff had no knowledge of the hole. Just before she reached the pavement in which the hole existed, a crowd of twenty-five or thirty men approached her with suit cases and bags in their hands. Plaintiff was carrying a large market basket and a butter kettle. The crowd separated and allowed her to pass through, and almost immediately after emerging from the crowd she stepped into the hole and fell. On her examination in chief she stated that she stepped into the opening almost the instant she got through the crowd that had concealed it from her. On cross-examination she gave the distance as six or eight feet, after repeatedly saying she did not know what it was. *Held*, that it was error to enter a nonsuit, and that the jury should have been instructed that if they believed, after plaintiff had passed through the crowd she had an opportunity to see the opening, and by the exercise of ordinary care in looking where she was going, ought to have avoided it, she could not recover; but that if she stepped into it just as she got through the crowd, without having had an opportunity to see it, or if, burdened as she was, she stepped into it after having emerged from the crowd, and, under the circumstances, could not be reasonably expected to have seen it before stepping into it, her negligence was not a bar to her right to recover.

Argued March 20, 1905.   Appeal, No. 26, Jan. T., 1905, by

plaintiff. from order of C. P. No. 4, Phila. Co., Dec. T., 1901, No. 239, refusing to take off nonsuit in case of Charles Ellwood Becker and Margaret Becker, his wife, v. City of Philadelphia.    Before DEAN, FELL, BROWN, MESTREZAT, and ELKIN, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before AUDENRIED, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Eugene Raymond*, for appellant.—Under the circumstances and facts of this case, any question of plaintiff's contributory negligence, and all conflicts of testimony, whether of the same or different witnesses, are questions of fact for the jury : Ely v. Railway Co., 158 Pa. 233 ; Keng v. B. & O. R. R. Co., 160 Pa. 644 ;· Arnold v. Penna. R. R. Co., 115 Pa. 135 ; Glase v. Phila., 169 Pa. 488 ; Gray v. Penna. R. R. Co., 172 Pa. 383 ; Van Steuben v. Central R. R. Co., 178 Pa. 367 ; Hunterson v. Traction Co., 205 Pa. 568 ; Vandevort v. Steel & Iron Co., 194 Pa. 118 ; Wolfe v. Penna. R. R. Co., 22 Pa. Superior Ct. 335 ; Laib v. Penna. R. R.·Co., 180 Pa. 503 ; Brown v. White, 206 Pa. 106 ; Bruch v. Phila., 181 Pa. 588 ; Rusterholtz v. R. R. Co., 191 Pa. 390 ; McCracken v. Traction Co., 201 Pa. 378 ; Butcher v. Phila., 202 Pa. 1 ; Glading v. Phila., 202 Pa. 324 ; Iseminger v. York Haven Water, etc., Co., 206 Pa. 591 ; McHugh v. Kerr, 208 Pa. 225.

*Charles E. Bartlett*, with him *Joseph S. MacLaughlin*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee. —When the plaintiff's admissions on cross-examination establish contributory negligence, a compulsory nonsuit should be ordered, even though plaintiff's testimony in chief might have warranted a submission of the case to the jury: Butler v. R. R. Co., 126 Pa. 160 ; Lynch v. Erie, 151 Pa. 380.

Plaintiff's testimony in chief discloses nothing which might have warranted the submission of the case to the jury: Barnes v. Sowden, 119 Pa. 53 ; Hoag v. R. R. Co., 85 Pa. 293 ; King v. Thompson, 87 Pa. 365 ; Robb v. Connellsville Boro., 137

Pa. 42; Stackhouse v. Vendig, 166 Pa. 582; Shallcross v. Phila., 187 Pa. 143; Sickels v. Phila., 209 Pa. 113; Easton v. Phila., 26 Pa. Superior Ct. 517.

OPINION BY MR. JUSTICE BROWN, June 22, 1905 :

About eleven o'clock on the morning of October 12, 1901, Margaret Becker, while walking on South Broad street, in the city of Philadelphia, a little north of Lombard street, stepped into an opening in the pavement, fell and was injured. This opening was in front of property No. 423, about five feet from the curb line, and was nineteen inches long and eighteen inches wide. A tree had formerly stood there, having been one of a row planted along the east side of Broad street from Pine to Lombard, but which had been cut down some time before.

If nothing more than the foregoing had been developed on the trial, the judgment of nonsuit could not be disturbed, for, clear as the evidence of the city's negligence may have been, the plaintiff was as clearly guilty of contributory negligence, if she stepped into the opening, which, by the exercise of ordinary care in walking up the street, she was bound to see and avoid. But negligence is always want of care under the circumstances, and the question on this appeal is, whether, under those surrounding the plaintiff's fall, the court correctly held that the only inference to be drawn from them was that she had contributed by her own negligence to her injuries, and could not, therefore, recover.

What were the circumstances connected with the plaintiff's fall? Just before she reached the pavement in front of 423 South Broad street a crowd of young men—twenty-five or thirty—approached her, carrying suit cases and bags in their hands. They obstructed her view of the pavements in front of her, in one of which was the opening into which she stepped a moment afterwards. There is no evidence that she knew it was there, though it had existed for several months. She was carrying a large market basket and a butter kettle. The crowd separated and allowed her to pass through it, and almost immediately after she emerged from it she stepped into the hole and fell. Her testimony in chief was : " Q. State what happened to you after you crossed Lombard street. A. When I got three or four doors above Lombard street I met a lot of

men going to some place or other, I suppose. Q. About how many of them? A. About twenty-five or thirty. Q. Were they coming towards you? A. Yes, sir. Q. What happened when they got to you; what did they do? A. They separated and I went in between them. Q. Then what happened to you personally? A. Then I fell. I got my foot fastened in that hole and fell." It is true that in her cross-examination she said the crowd had passed her about a couple of yards— six feet—when she fell. But when pressed to be more accurate, she stated: "I don't want to say. I don't know. I didn't measure." It is clear from this that the witness was not able to say how many feet the crowd had passed her when she fell. While passing through it and when she emerged from it she had a right to assume that the pavement ahead of her was reasonably safe: Bruch v. Philadelphia, 181 Pa. 588; and she was not required the instant the crowd had passed her to stop before proceeding further to see that there was no danger before her in the pavement. It was her duty, of course, to look where she was going and, by the exercise of ordinary care, to avoid danger which was before her; and if, as a reasonably prudent person, she could have avoided it by the exercise of such care, she cannot recover for her injuries. Is the only inference to be drawn from the testimony free from doubt that she had not exercised ordinary care and that her fall had resulted from her own negligence in stepping into the opening which she ought to have seen? Her testimony is not consistent as to how far the crowd had passed her when she fell; but it must be remembered that she did not attempt to accurately give the distance. From what she said in her examination in chief, it appears that she stepped into the opening almost the instant she got through the crowd that had concealed it from her; and in her cross-examination she gave the distance as six or eight feet, after repeatedly saying she did not know what it was. Be this as it may, if she stepped into the hole just as she got through the crowd, without having had an opportunity to see it, she was not guilty of contributory negligence. If she had passed beyond the crowd for the distance stated in her cross-examination, she may not, in that short space, have seen the opening, and the only inference to be drawn is not that, as as a reasonably prudent person, exercising ordinary care, she

ought to have avoided it. Reasonable minds can fairly differ as to this, and it, therefore, became a question of fact for the jury. It should have been submitted to them under instructions that, if they believed, after she had passed through the crowd, she had an opportunity to see the opening, and by the exercise of ordinary care in looking where she was going, ought to have avoided it, she could not recover; but that if she stepped into it just as she got through the crowd, without having had an opportunity to see it, or if, burdened as she was, she stepped into it after having emerged from the crowd, and, under the circumstances, could not be reasonably expected to have seen it before stepping into it, her negligence was not a bar to her right to recover.

The judgment is reversed and a procedendo awarded.