# Brodsky v. Philadelphia, Appellant.

*Negligence—Municipalities—Defective sidewalk.*

In an action by a woman against a city to recover damages from
falling into a hole in a sidewalk, a judgment on a verdict for plain-
tiff will be sustained where it appears that the hole in question
was about four or five inches deep caused by the displacement of
four or five bricks, that the city had constructive notice of its ex-
istence, and that plaintiff was prevented from seeing it by the fact
that about twenty school children were around her when she ap-
proached it, and those who were running in front of it prevented
her from seeing the depression.

Argued Nov. 3, 1916.   Appeal, No. 202, Oct. T., 1916,
by defendant, from judgment of C. P. No. 4, Philadelphia
Co., June T., 1914, No. 3598, on verdict for plaintiff in
case of Fannie Brodsky and Morris Brodsky v. City of
Philadelphia.   Before ORLADY, P. J., PORTER, HEAD, KEP-
HART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for personal injuries.
Before AUDENRIED, P. J.

The accident happened on November 18, 1913, at the
corner of Twentieth street and Catherine street in the
City of Philadelphia.

Verdict and judgment for Fannie Brodsky for $500
and for Morris Brodsky for $350.   Defendant appealed,

468    BRODSKY *v.* PHILADELPHIA, Appellant.

Assignment of Error—Opinion of the Court. [66 Pa. Superior Ct.

*Error assigned* was in refusing binding instructions for defendant.

*Frederick Beyer,* with him *Albert S. Henry,* Assistant City Solicitor, and *John P. Connelly,* City Solicitor, for appellant.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellee.

OPINION BY HEAD, J., May 7, 1917:

The plaintiff sued to recover damages for personal injuries alleged to have been sustained by falling into a depression or hole in the sidewalk of a street of the defendant city. There was evidence tending to show the defect in the sidewalk was of such an extent and character that the failure to repair it after notice would clearly be an absence of due and reasonable care. There was also evidence that condition had existed for a number of months and thus the city would be visited with constructive notice of the fact. There was no denial that plaintiff fell on the street and suffered the injury complained of. The city does not, in this appeal, contend the verdict establishing its negligence was without support in the evidence. It pins its faith to the proposition the learned trial judge should have declared, as matter of law, the plaintiff was guilty of contributory negligence.

The following excerpt from the charge of Judge AUDENRIED sufficiently states the facts and vindicates its own correctness: "This accident, as I recall the testimony, occurred between eleven and twelve o'clock on the morning of November 18, 1913. It was a clear day, the sun was shining brightly. This break in the street into which Mrs. Brodsky says she got her foot was of considerable size. I think she said it was caused by the displacement of four or five bricks, and, she said, it was, she thinks, four or five inches in depth. A defect of that

magnitude must have been quite noticeable. Why did she not see it? Was she looking as she ought to have looked as she walked along the street, to ascertain whether the street was reasonably safe for use? She says that she was looking, but, she says that she did not see this hole because of the presence in front of her of a number of school children. There seems to be two schools in the immediate neighborhood of the scene of the accident, one a public school and one a parochial school. She says there were a large number of children, she thinks at least twenty-five, running around that locality about her......There were children in front of her, there were children behind her, there were children on either side of her, running, and she says that while she was looking to see where she was going,...... she was prevented from seeing the hole into which she got her foot by the children who were running in front of her."

If the evidence of the plaintiff supports that statement, there was nothing else the learned trial judge could have done except submit to the jury the question of the plaintiff's alleged negligence. We have examined the evidence with care and, notwithstanding the urgent plea of the able counsel for the city, we are compelled to say we regard the statement quoted as a correct resumé of the plaintiff's testimony taken in its entirety.

Under these conditions, it would have been impossible for the learned trial judge to have directed a verdict in favor of the city. As the city desires no new trial and complains only of the refusal of the trial judge to direct a verdict in its favor, the assignments of error must be overruled.

Judgment affirmed.