## Twersky v. Pennsylvania Railroad Company, Appellant.

*Negligence — Railroad companies — Passengers alighting from trains — Fall — Contributory negligence.*

Where in an action to recover damages for personal injuries, it appeared that plaintiff had been a passenger on a railroad train which had come to a stop at a station; that the platform of the

car and the station platform were on the same level, but that there was a space between to give sufficient clearance to the train when in motion; that while plaintiff was going from the car platform to the station platform, she stepped into the open space and fell, suffering the injuries complained of; but where it further appeared that she walked so close to the passenger in front of her that she was not able to see the open space had she looked for it; and where there was nothing to show that the person in front was detaining her or that there was pressure by those following her, and no reason suggested why she could not have increased the distance between herself and the passenger in front, she was clearly guilty of contributory negligence in failing to look where she was going, and the jury having found a verdict for plaintiff, the court should have entered judgment for defendant n. o. v.

Argued Jan. 21, 1918.   Appeal, No. 263, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1915, No. 3876, on verdict for plaintiff, in case of Rebecca Twersky v. Pennsylvania Railroad Company.   Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,800 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Francis B. Biddle,* with him *Sharswood Brinton,* for appellant.—There was no negligence on the part of the defendant company: McNeill v. Millville Coal Co., 12 Luz. Leg. Reg. Rep. 205; Keiser v. Lehigh Valley R. R. Co., 212 Pa. 409; Presser v. Dougherty, 239 Pa. 312; Fearn v. West Jersey Ferry Co., 143 Pa. 122; Bernhardt v. W. Penna. R. R. Co., 159 Pa. 360; Ginn v. Penna. R. R. Co., 220 Pa. 552; Sutton v. Penna. R. R. Co., 230 Pa.

523; Graham v. Penna. Co., 139 Pa. 149; Keller v. H. M. & F. Passenger Ry. Co., 149 Pa. 65; Rothchild v. Central R. R. Co. of N. J. Co., 163 Pa. 49; Kurfess v. Harris, 195 Pa. 385; Lafflin v. The Buffalo & S. W. R. R. Co., 106 N. Y. 136; Ryan v. Manhattan Ry. Co., 121 N. Y. 126; Fox v. Mayor of N. Y., 77 N. Y. (70 Hun.) 181; Lizzie Woolsey v. Brooklyn Heights R. R. Co., 123 N. Y. App. Div. 631; Boyce v. Manhattan R. R. Co., 118 N. Y. 314; Rogers v. Trustees of New York & Brooklyn Bridge, 11 N. Y. App. Div. 141; New York, New Haven & Hartford R. R. v. Lincoln, 223 Fed. 896; Mary Gibson v. New York Consolidated R. R. Co., 173 N. Y. App. Div. 125; Welch v. Boston Elevated Ry. Co., 187 Mass. 118; Willworth v. Boston Elevated Ry. Co., 188 Mass. 220; Falkins v. Boston Elevated Ry. Co., 188 Mass. 153; Ansen v. Boston Elevated Ry. Co., 205 Mass. 32.

The plaintiff was guilty of contributory negligence: Farley v. Philadelphia Traction Co., 132 Pa. 58; Smith v. Brooklyn Heights R. R. Co., 129 App. Div. 635.

*William Morgan Montgomery,* with him *Samuel R. Lazowick* and *E. Clinton Rhoads,* for appellee, cited: Brooks v. Philadelphia & Reading R. R. Co., 218 Pa. 1; James v. Snellenburg, 244 Pa. 365; Mack v. Pittsburgh Rys. Co., 247 Pa. 598; Langin v. Trustees of New York & Brooklyn Bridge, 10 N. Y. App. Div. 529; Boyce v. Manhattan Ry. Co., 118 N. Y. 314; Rogers v. Trustees of the New York & Brooklyn Bridge, 11 N. Y. App. Div. 141; New York, N. H. & H. R. Co. v. Lincoln, 223 Fed. Repr. 896; Windels v. Interborough Rapid Transit Co., 49 Misc. 646, 98 N. Y. Supp. 854; Woolsey v. Brooklyn Heights R. Co., 123 N. Y. App. Div. 631; Fox v. Mayor of New York, 5 N. Y. App. Div. 349, 39 N. Y. Supp. 309; Ryan v. Manhattan Ry. Co., 49 Hun 609; Lakin v. South Side El. R. R. Co., 178 Ill. App. 176; Harrington v. Boston El. Ry. Co., 108 N. E. 943.

OPINION BY MR. JUSTICE STEWART, March 18, 1918:

. On the afternoon of the 3d of July, 1915, the plaintiff, a middle aged woman, unescorted, was a passenger on one of defendant company's trains, her destination being North Philadelphia, where she intended to alight. She had boarded the train at New York, and had arrived on schedule time, 4 : 45 p. m. The passenger station at this point is provided with a raised platform, which is on a level with the platform of the car when the train stops. The car platform is a trapdoor which is let down when the car stops and the door of the car is opened for the discharge of the passengers. There is always, in such cases where the station platform is elevated, somewhat of a space between the station platform and the car platform. This is required in order to give sufficient clearance to passing trains. On arrival at North Philadelphia station plaintiff left her seat, and, with two or three other passengers walking in advance of her, she proceeded out to the platform of the car. When about to step from this platform over to the station platform she encountered the open space between the platforms, which she had not previously observed, and into which she stepped with one of her feet, with the result that she received the injury of which she complains, and for which she claimed to recover damages in the present action, referring the accident to negligence of the defendant company in failing to provide for passengers at this point a safe means of exit from the car. As the case was submitted to the jury it presented two questions of fact for their determination : first, the question of negligence of the defendant, and second, the question of plaintiff's contributory negligence. Both issues were found in favor of the plaintiff and a verdict in her favor was accordingly rendered. A motion for judgment for defendant, on the whole record, non obstante, was refused and judgment on the verdict was directed. To this order of the court exception was taken, and it is made the subject of defend-

ant's fifth assignment of error, the only assignment necessary to be here considered.

Whether in the light of the evidence the defendant came short of its legal duty, which is to so construct and maintain its platforms in the condition that they may be used, without danger, by a passenger exercising ordinary care (Graham v. Penna. Co., 139 Pa. 149), is a question in regard to which there may be diversity of view; but that question calls for no consideration here, inasmuch as the plaintiff's testimony discloses in unmistakable way contributory negligence on her part. In broad daylight, with her eyes open, herself unencumbered with baggage of any character, with entire freedom of limb, with nothing requiring haste on her part, she apparently walked this platform with as much unconcern and indifference for her own safety as one would walk the floor of his own domicile with which he was familiar. She did not see this open space between the platforms, into which she stepped, until after she had been extricated therefrom. She says that if she had seen it she would have avoided it. But why did she not see it? The only answer that can be made is that she did not see it because she did not look. This is her own explanation; when advancing on the platform toward the open space, she was following some three or four passengers who had left the car before she did; the one passenger immediately in her front was a woman wearing a trailing dress and carrying a suit case; plaintiff was so close to this woman that she could not see the open space had she looked directly down; whether the trailing dress, or the suit case or both interfered is a matter about which she was somewhat indefinite in her statement, but she leaves it in no doubt that she attributes her failure to observe the open space as due wholly to the circumstance that she was following too closely upon the passenger next in advance with her to admit of her looking down. She makes no complaint that this person was detaining her, or that there was pressure by those following her, nor does she

suggest any reason whatever why she could not at her own pleasure have increased the distance between herself and the passenger in front. The insufficiency of the excuse she gives for not seeing the open space becomes apparent when it is considered that with knowledge of the fact that because of her position, so close behind the woman walking next in advance of her, she was prevented from seeing what lay directly in her path, she chose to retain that position when there was nothing requiring her so to do. A moment's delay on her part would have prejudiced nothing, and would have enabled her with a mere look to take in the whole situation with respect to her own safety. All that we have said is derived from the plaintiff's own testimony, and it leaves it not open to question that her own want of ordinary care was a contributing factor in the accident. The duty resting on the railroad company rises no higher than to make and keep its stations safe for persons exercising ordinary care. When injury results to anyone who fails in this regard, the law charges the injury to the party's heedlessness as the proximate cause.

Defendant's motion for judgment non obstante should have prevailed. The judgment is reversed.