# Duvall *v.* City of New Castle, Appellant.

*Negligence — Municipalities — Sidewalks — Ice — Contributory negligence—Case for jury.*

In an action against a municipality to recover damages for injuries sustained in consequence of a fall, induced by an accumulation of ice upon a sidewalk, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that while walking on a sidewalk on the main traveled highway, the plaintiff was injured by a fall from slipping on a ridge or mound of ice, four or five inches high, extending across the sidewalk and caused by defective spouting on a house located at that point, which permitted water to leak or drop on the steps below and flow across the pavement until frozen, and that this condition had existed for ten days or two weeks prior to the accident.

Argued April 19, 1920. Appeal, No. 56, April T., 1920, by defendant, from judgment of C. P. Lawrence County, Sept. T., 1916, No. 68, on verdict for plaintiff in the case of Almira J. Duvall v. City of New Castle. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

574 DUVALL v. CITY OF NEW CASTLE, Appellant.

Verdict for plaintiff for $1,300 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*James A. Gardner,* City Solicitor, and with him *Harry K. Gregory,* for appellant.

*Robert K. Aiken,* for appellee.

OPINION BY KELLER, J., July 14, 1920:

The verdict for the plaintiff settled all disputed matters of evidence in her favor. We must, therefore, consider it established that, while walking on the sidewalk on East street, a main traveled highway in the City of New Castle, she was injured by a fall from slipping on a ridge or mound of ice, four or six inches high, extending across the sidewalk and caused by defective spouting on the house fronting at this point, which permitted water to leak or drop on the steps below and flow across the pavement until frozen; and that this condition had existed for ten days or two weeks prior to the accident. This was sufficient evidence of the defendant's negligence to carry the case to the jury: Llewellyn v. Wilkes-Barre, 254 Pa. 196; unless the court should have ruled as a matter of law that the plaintiff was guilty of contributory negligence.

The plaintiff had no knowledge of the condition of the sidewalk at this point, as, due to illness, she had not been out of the house for two months. She was wearing new rubber overshoes and proceeding carefully, watching where she was going. Her companion, a Mrs. Buser, was pushing a baby carriage with a child in it. They lived in a narrow street or alley a little way off East street, and but a short distance from the place of the accident. There was ice and snow in the streets, but according to the plaintiff's witnesses, it had been pretty

well cleaned off the sidewalks in that section. The pavement in front of the school house which was the first sidewalk they used on East street had been cleaned. Then North street intersected and immediately beyond came the sidewalk on which the plaintiff was hurt. Barring it, the sidewalks had been cleaned of snow and ice down to the main business section, a distance of about four hundred feet. On coming to this sidewalk, for some reason Mrs. Buser, pushing the baby carriage, went ahead and the plaintiff followed a step behind, both walking in the middle of the sidewalk. This position prevented the plaintiff from seeing the mound of ice upon which she slipped. The defendant contends that this was such contributory negligence as to bar her right to recover. We agree with the court below that "whether under the circumstances the conduct of the plaintiff was negligent and contributed to the injuries complained of was a question for the jury." The accident did not occur at the crossing of an intersecting street, where special care must be taken by pedestrians, as they are bound to expect the continuity, if not the level, of the pavement to be broken, (Robb v. Connellsville Boro., 137 Pa. 42; Sutton v. Phila., 69 Pa. Superior Ct. 125); nor at a railroad grade crossing, (Kleckner v. Central R. R. of N. J., 258 Pa. 461); nor at a railroad station platform, where open spaces for the tracks must be expected, (Twersky v. Penna. R. R., 261 Pa. 6). It was on the sidewalk of a much traveled street where the plaintiff had no special reason to expect a danger of this character. "One is not required in walking along a traveled highway, to keep his eyes fastened upon the ground continually to discover points of possible danger; nor is it necessary that he should in order to avoid exposed pitfalls lying directly in the path before him; but the law does require that he be observant of where and how he is going so as to avoid dangers which ordinary prudence would disclose": Lerner v. Phila., 221 Pa. 294. In Rementer v. Phila., 41

Pa. Superior Ct. 354, it was held that a woman could not be held guilty of contributory negligence as a matter of law because she pushed a baby carriage in front of her which obstructed her view of a break in the sewer inlet into which she fell. In Strader v. Monroe County, 202 Pa. 626, it was held a question for the jury whether a woman riding a bicycle was guilty of contributory negligence who followed her son so closely that she was unable to see the loose plank on the bridge causing her to fall until she was so near that she could not avoid it. Had the plaintiff seen the mound of ice but attempted to pass it by walking carefully and been injured, the court could not have held as a matter of law that she had been guilty of contributory negligence: Holbert v. Phila., 221 Pa. 266; Brown v. White, 206 Pa. 106; Hibberd v. Phila., 245 Pa. 265; Steck v. Allegheny, 213 Pa. 573; Green v. Hollidaysburg, 236 Pa. 430. As the roadway was admittedly icy, it is not at all certain she would have found it any safer if she had left the sidewalk and walked there (Evans v. Phila., 205 Pa. 193; Slife v. Dorranceton, 262 Pa. 182). We do not think, under the circumstances, contributory negligence should be conclusively imputed to her because, for the moment, she happened to be walking so that, though proceeding carefully, she did not see the mound before she stepped on it. The reason for the plaintiff's momentary position a step back of Mrs. Buser was not explained, but it was for the jury to say whether such a position was under the circumstances negligent on her part and whether it contributed to the injury.

The plaintiff's first and second points correctly stated the law applicable to the facts as testified to by her witnesses. It was not error to affirm them, nor to refuse the defendant's point for binding instructions and motion for judgment non obstante veredicto.

The assignments are all overruled and the judgment is affirmed.