Emmey *v.* Stanley Company of America, Appellant.

Argued October 5, 1939.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Ward C. Henry,* of *Swartz, Campbell & Henry,* for appellant.

*Samuel Halbert,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1940:

Plaintiff's statement of claim in trespass alleged she fell by reason of the existence of a defect, in the nature of a depression or hole, in the sidewalk in the rear of premises occupied as a theatre by defendant as the lessee thereof. Defendant neither filed an affidavit of defense, nor offered any oral evidence.

The case was tried before LEWIS, J., without a jury, and resulted in these findings:

"1. The defendant was negligent and thereby caused injuries to the plaintiff. 2. The plaintiff was not contributorily negligent. 3. The plaintiff sustained damages in the sum of $425.

"The court makes the following conclusion of law. 1. The plaintiff is entitled to a finding against the defendant in the sum of $425."

Defendant's exceptions to the findings having been dismissed, it now appeals from the judgment entered thereon and raises two questions: (1) The defect in the pavement was so slight there was no legal basis for a finding of negligence upon the part of defendant; (2) plaintiff was guilty of contributory negligence as a matter of law in failing to observe the depression in broad daylight.

Plaintiff's evidence consisted of her own testimony and photographs of the sidewalk. Giving her the benefit of all favorable inferences, her testimony may be thus summarized: Mrs. Emmey was employed as a waitress in Linton's restaurant on Market Street, Philadel-

phia, between 13th and Juniper Streets. The accident occurred on Commerce Street, a narrow street just north of Market and running east and west in the rear of the restaurant and of defendant's theatre.

During the forenoon of June 17, 1938, plaintiff left the restaurant by the rear exit and started to walk west in the centre of the south sidewalk of Commerce Street past the rear of defendant's theatre which immediately adjoined the rear of the restaurant on the west. When she had taken a few steps, she noticed a police officer standing several feet in front of her and ordering certain men away who had been loafing and sleeping on some steps located along the street about three feet beyond the theatre. In order to avoid the police officer and the men directly in her path, she turned to her right to leave the south sidewalk and go over to the north side of Commerce Street. As she did so, she stepped with her right foot into the depression or hole along the inside of the curb of the cement sidewalk; her ankle turned and she fell with her right foot under her. She described the depression as five feet long, six inches wide and an inch and a half deep.

The photographs show that the surface of the concrete pavement where it joined the curb had been permitted to fall into a state of rather serious disrepair. For a distance of five or six feet along the inside of the curb, six to eight inches of the surface of the pavement had crumbled away to a depth of from one to two inches, leaving a sharp and irregular edge along the unbroken portion of the sidewalk. It was conceded that the photographs correctly represented the condition of the pavement at the time of the accident and that defendant had sufficient notice of that condition.

Plaintiff's explanation of her failure to see the depression was that she was startled by the sight of the officer driving the loafers off the steps and in order to avoid walking into him and them had to step suddenly to her right, intending to cross the cartway to the other

side of the street. As a result of the fall plaintiff suffered a severe contusion of her right ankle which prevented her from working for five weeks and entailed hospital and medical expenses.

Invoking the principle that a depression or hole in a sidewalk may be so slight that it becomes the duty of a court to say, as a matter of law, that failure to repair it does not amount to negligence, defendant now asks us to reverse the judgment.

As we have endeavored to make clear in several recent decisions, no definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression necessary to convict a municipality, or owner or occupier of the premises, of negligence in permitting its continued existence. In *Kuntz v. Pittsburgh,* 123 Pa. Superior Ct. 394, 187 A. 287, we said (p. 399): "The extent of irregularity which may be present in a street without convicting a municipality of negligence in its maintenance varies with the circumstances such as amount of travel, actual location of the rise or depression, character of material with which the pavement or walk is constructed, nature of the irregularity and other circumstances ...... The decisions establish that an irregularity may be so slight that the court is required as a matter of law to say that such unevenness is not evidence of lack of reasonable care, but there is a shadow zone where such question must be submitted to a jury whose duty it is to take into account all the circumstances. To hold otherwise would result in the court ultimately fixing the dividing line to the fraction of an inch, a result which is absurd. The true principle was tersely stated by Judge TREXLER in the case of *Shafer v. Philadelphia,* 60 Pa. Superior Ct. 256, as follows: 'What particular shallowness of depression in a sidewalk or a street forms such a slight inequality in the surface as to excuse its presence and release the city of liability therefor cannot be definitely stated. Each case must necessarily be determined by the sur-

rounding circumstances and generally the matter must be left to the jury.' "

*McCarthy et ux. v. Pittsburgh et al.,* 127 Pa. Superior Ct. 399, 193 A. 358, was a case where the injury resulted from a fall at night occasioned by a depression formed by a gutter from three to five inches deep, with sloping sides, running from the rainspout on a building to the curb. Judge BALDRIGE there stated (page 402) : "No definite rule can be laid down stating what irregularities in the surface of a sidewalk constitute a breach of duty upon the part of a municipality or property owner, ...... each case depends upon its own facts and circumstances. In some, the depression or irregularity is so slight that the courts have very properly held that the evidence was insufficient to submit the question of negligence to the jury. In others—for example, *Gillard v. City of Chester,* 212 Pa. 338, 61 A. 929; *Shafer v. Phila.,* 60 Pa. Superior Ct. 256; *Ponti v. Phila.,* 63 Pa. Superior Ct. 428; *Glatfelter v. Boro. of North York,* 85 Pa. Superior Ct. 353; *Kuntz v. Pgh.,* 123 Pa. Superior Ct. 394, 187 A. 287, where the irregularities or depressions in the sidewalks varied from 1½ inches to 4 inches—a recovery was permitted."

We followed the Kuntz case, supra, and permitted a recovery in *Thompson v. Phila. et al.,* 129 Pa. Superior Ct. 174, 195 A. 174, where a passenger alighting from a trolley car stepped in a depression in the cartway one and one half to two inches in depth. *German v. McKeesport City et al.,* 137 Pa. Superior Ct. 41, 8 A. 2d 437, is a case on the other side of the line. There a woman with her "arms filled with bundles" caught the heel of her shoe in an imperfection in the sidewalk where it joined the curb, apparently caused by the cement top dressing having chipped or cracked off. There, however, the imperfection was only about fourteen to sixteen inches long, one to three inches wide, and "close to an inch deep"; it was so filled up with dirt that no hole or fill was apparent to the casual ob-

server. In holding, as a matter of law, that the defect shown by the evidence in that case was not such a one as would impose liability either upon the property owner or the municipality, KELLER, P. J., said (p. 48): "The law does not require that sidewalks shall be as free of defects, imperfections, irregularities, unevennesses, etc., as the floors of buildings. A reasonably safe condition is all that is necessary." The Supreme Court, in *McGlinn v. Phila. et al.*, 322 Pa. 478, 186 A. 747, affirmed, per curiam, the granting of a nonsuit where the difference in elevation between two abutting curbstones was an inch and a half, stating (page 480); "Each case must depend on all the surrounding circumstances: *Shafer v. Philadelphia*, 60 Pa. Superior Ct. 256, 258."

In disposing of this branch of the present case, it must not be overlooked that it was tried before an able and experienced judge, sitting without a jury, and that his findings have the force and effect of a verdict.

At the joint request of counsel, and upon their assurance that the condition of the pavement had not been changed since the occurrence, the trial judge made a personal inspection of the imperfection to which plaintiff attributed her fall. The result of his inspection was thus stated by him in his opinion supporting his findings: "We did examine the condition of the street complained of as constituting a trap or pitfall, and we were strongly convinced that the depression of the walk did constitute a dangerous condition particularly for women, and in view of the admission that defendant had notice of the condition, negligence on the part of defendant was proved. We were not convinced by the oral argument or the brief of counsel of error in this finding, a re-examination of the sidewalk serving to strengthen our conclusion with reference to defendant's want of reasonable care for the safety of the users of the street."

Our examination of the record, including the exhibits,

has convinced a majority of this court that the second and third assignments of error, based upon the first finding of fact, should be overruled.

The second contention advanced in behalf of defendant is that plaintiff's evidence discloses she was guilty of contributory negligence as a matter of law.

In making his finding upon this feature of the case, the trial judge gave full recognition to the principle of law that, as the accident happened in broad daylight, plaintiff was obliged to show conditions exterior to herself which prevented her from seeing the danger, or excused her failure to notice it: *Klein v. City of Pittsburgh,* 97 Pa. Superior Ct. 56.

But it is equally true the measure of her duty was the exercise of reasonable care under the circumstances: *Becker v. Philadelphia,* 212 Pa. 379, 61 A. 942; *Brown v. Milligan,* 33 Pa. Superior Ct. 244, 250; *Hickey et ux. v. City of Philadelphia,* 103 Pa. Superior Ct. 486, 157 A. 26; and *Fisher et ux. v. City of Philadelphia,* 112 Pa. Superior Ct. 226, 170 A. 875.

Excerpts from plaintiff's testimony read: "Q. Why couldn't you see it (the imperfection)? A. Because I had to look at the officer. I couldn't run into him ...... I wouldn't have stepped off if I had noticed the broken pavement ...... Q. But why didn't you notice the broken pavement? A. I had to look at the officer ...... I couldn't look at the pavement and the officer too."

We think this testimony made the question of plaintiff's contributory negligence one of fact rather than of law. The trier of the facts gave these persuasive reasons for his conclusion: "As to plaintiff's conduct, we were unable to say that as a matter of law she was negligent in not having seen the dangerous condition of the highway, and in not avoiding it. It is true there was nothing to prevent plaintiff from observing generally the condition of the street if she had made careful observation as she moved along, and but for the

circumstance of her encounter with the police officer, we would have been bound to have adjudged her guilty of contributory negligence. However, as she traversed the sidewalk and observed the policeman accosting loiterers, she doubtless experienced the timidity common to women under such circumstances and a reluctance to be near to a scene of disorder. Her attention was distracted, divided, and she did only what a woman would naturally do under the circumstances in changing her course to avoid walking between the police officer and those with whom he was engaged. She was not bound to anticipate traps or defects in the sidewalk—her duty was only to avoid them if they were observable and observed in the exercise of ordinary prudence."

As there was competent evidence sustaining the second finding of the trial judge—that plaintiff was not contributorily negligent—we overrule the first assignment, alleging error in so finding. The remaining assignment relates to the entering of the final judgment; it follows from what has been said that it cannot be sustained.

Judgment affirmed.