## Hardiman *v.* Pittsburgh Railways Company, Appellant.

Argued March 26, 1940. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Alan D. Riester*, with him *J. R. McNary*, for appellant.

*A. M. Oliver*, with him *Dipple & Oliver*, for appellee.

OPINION BY MR. JUSTICE MAXEY, June 24, 1940:

Plaintiff, aged sixty-seven years at the time of the injury complained of, was injured by a fall when her foot caught in a depression in the paving as she was crossing the intersection of Liberty Avenue and Seventh Street, Pittsburgh. The accident happened at a point in the street near the rail of the second track plaintiff was about to cross. Defendant company was obliged to keep the pave in repair at that point. Its contention is that plaintiff was guilty of contributory negligence as a matter of law and that the court in banc should have entered judgment for the defendant notwithstanding the verdict of $4,750 awarded plaintiff by a jury after trial.

The accident happened at about 5:20 p. m. on October 9, 1936. Plaintiff waited at the south curb of Liberty Avenue until the traffic signal showed green and she then entered the cross-walk. A part of this intersection is occupied by the defendant's double car tracks running east and west on Liberty Avenue, and by two tracks which curve from the north on Seventh Street to join those on Liberty Avenue. The space between the rails and tracks is paved with stone blocks which presented a rough and uneven surface at the time of the accident.

Plaintiff testified that she observed several holes or irregularities in the street as she crossed the first of the car tracks. At the inner rail of the second or westbound track she stepped into a depression about three and one-half inches deep, located at a "frog" formed by the intersection of one of the curved rails leading to Seventh Street. Her foot was caught, and she was thrown violently to the ground, sustaining serious injuries. She also testified that she was one of a group of people crossing the street "with the traffic" and she felt her "foot go down into a hole or depression" which she said "held my toe and flung me." Other pedestrians in front of her were so close she "could touch them." A witness for the plaintiff testified that the hole into which plaintiff stepped was 3⅜ inches in depth.

The duty of a pedestrian to avoid stepping into holes in sidewalks or streets has been frequently stated by this court. In *Lerner v. Phila.*, 221 Pa. 294, 70 A. 755, we said: "Irregularities in grade, unevenness in surface, sharp depressions at crossings, accidental displacement of brick or stone, and many other things which may or may not be defects, but yet sufficient in themselves to cause accident to the unwary, are so common and usual that it is the duty of the pedestrian to be observant of such fact, and not to walk blindly. If through no fault of his he is prevented from seeing the defect, obstruction or whatever it may be, which it was the duty

of the municipality to have corrected, and injury results to him, he is entitled to claim compensation. . . . She would be entitled to recover only as she explained in a way consistent with ordinary care on her part, how and why she failed to see what was directly before her." *Becker v. Phila.*, 212 Pa. 379, 61 A. 942, was a case where a woman who stepped into a hole in the sidewalk, which had been hidden from her view by a crowd of men, was injured and her action for resulting damages was non-suited. In that case this court, in reversing the court below, said: "If she had passed beyond the crowd for the distance stated in her cross-examination, she may not, in that short space, have seen the opening, and the only inference to be drawn is not that, as a reasonably prudent person, exercising ordinary care, she ought to have avoided it. Reasonable minds can fairly differ as to this, and it, therefore, became a question of fact for the jury."

Taking plaintiff's testimony at its face value, as we must in considering the motion for judgment n. o. v., that testimony brings this case within the principles just cited and makes it a case for a jury.

When a pedestrian crosses a street with traffic at the "rush hour" of the afternoon, as this elderly woman did, and the crowd traveling with her is so dense that she could touch the pedestrian in front of her, it cannot be said that her negligence is so obvious as to be declarable as a matter of law. This is not one of those cases in which plaintiff steps into a hole and shows no external conditions which prevented her from seeing it. The external condition here was the "rush hour" crowd of pedestrians of which she was a part. Plaintiff testified: "We were a group waiting, and when the signal went on we all started over together." This presents a factual situation different from that where a pedestrian is alone and has an opportunity for a leisurely observation of the path he is taking. This court has adhered to the principle that "a verdict should not be directed if on

all the facts and circumstances there is room for fair and sensible men to differ in their conclusions, or, as it is sometimes stated, if the evidence is not such that honest minds could reach but one conclusion": *McCracken v. Curwensville Boro.*, 309 Pa. 98, 163 A. 217.

The judgment is affirmed.