Opinion by
 

 Rhodes, J.,
 

 Plaintiffs, husband and wife, brought this action in trespass against defendant for injuries to the wife plaintiff as the result of a fall occasioned by a defective sidewalk. Defendant offered no evidence, and at the conclusion of plaintiffs’ case asked for binding instructions which were refused. Judgments were entered on the verdicts for plaintiffs. Defendant’s motion for judgment n. o. v. was dismissed. These appeals followed.
 

 The only question here involved is whether, under the evidence, wife plaintiff was guilty of contributory negligence as a matter of law.
 

 Considering the testimony in the light most favorable to her, as we must, the following material facts appear: At approximately 11 a. m. on the morning of September 19, 1939, wife plaintiff, seventy years of age, was walking westwardly on the paved sidewalk along the north side of Buttonwood Street approaching Eighth Street in the City of Philadelphia. Her daughter was in the middle of the sidewalk pushing a baby carriage with a child in it. Her granddaughter was on her daughter’s left, and she, wife plaintiff, was on her daughter’s right. As they approached the northeast corner of Eighth and Buttonwood Streets, projecting steps leading from a house narrowed the walking space of the sidewalk. Wife plaintiff “dropped back a bit” to permit her daughter to pass with the baby carriage. In turning to resume her former position alongside of her daughter, she stepped into a hole which was in the middle of the sidewalk, causing her to fall and sustain injuries. The baby carriage had passed over the hole. This, together with the position of the parties, prevented her from seeing the defect. This depression in
 
 *383
 
 the sidewalk was three inches wide, five inches long, and three inches deep.
 

 This is not one of those cases in which plaintiff steps into a hole and shows no external conditions which prevented her from seeing it. See
 
 D’Annunzio v. Philadelphia, Suburban Water Co. et al.,
 
 143 Pa. Superior Ct.-422, 424, 18 A. 2d 86. Wife plaintiff, an elderly woman, had to observe that she was clear of the steps, and that she did not come in contact with her daughter. Her temporary position a step back of her daughter, which obscured her yision, was explained. The accident happened only three feet beyond the end of the steps while she was attempting to reach again the side of her daughter. Whether, under the circumstances, she exercised reasonable care was clearly a question for the jury.
 

 “It was her duty, of course, to look where she was going and, by the exercise of ordinary care, to avoid danger which was before her; and if, as a reasonably prudent person, she could have avoided it by the exercise of such care, she cannot recover for her injuries”:
 
 Becker v. Philadelphia,
 
 212 Pa. 379, at page 382, 61 A. 942, at page 943. But wife plaintiff was not required to keep her eyes fixed continually upon the sidewalk in order to discover possible points of danger. All that the law requires is that she be observant of where and how she is going so as to avoid dangers which ordinary prudence would disclose.
 
 Lerner v. City of Philadelphia,
 
 221 Pa. 294, 297, 70 A. 755;
 
 Williams v. Kozlowski et al.,
 
 313 Pa. 219, 225, 169 A. 148.
 

 The facts in
 
 Duvall v. City of New Castle,
 
 74 Pa. Superior Ct. 573, are almost identical. The evidence there established that while the plaintiff was walking on the sidewalk she followed momentarily a step behind her companion who was pushing a baby carriage. This position prevented her from seeing a mound of ice upon which she slipped. In affirming the judgment of the court below we held that under the circumstances con-
 
 *384
 
 tributary negligence could not be conclusively imputed to the plaintiff.
 

 In
 
 Becker v. Philadelphia,
 
 supra, the plaintiff, after emerging from a crowd, stepped into a hole in the sidewalk and was injured. At the trial a nonsuit was entered. The Supreme Court in reversing said (212 Pa. 379, at page 382, 61 A. 942, at page 943): “If she had passed beyond the crowd for the distance stated in her cross-examination [six or eight feet], she may not, in that short space, have seen the opening, and the only inference to be drawn is not that, as a reasonably prudent person, exercising ordinary care, she ought to have avoided it. Reasonable minds can fairly differ as to this, and it, therefore, became a question of fact for the jury.” See, also,
 
 Rementer v. Philadelphia (No. 1),
 
 41 Pa. Superior Ct. 354;
 
 Strader v. Monroe County,
 
 202 Pa. 626, 51 A. 1100;
 
 Hardiman v. Pittsburgh Railways Co.,
 
 339 Pa. 79, 14 A. 2d 72.
 

 The situation shown by the testimony in the present case does not parallel the facts in
 
 Mulford et ux. v. Philadelphia Rapid Transit Co. et al.,
 
 310 Pa. 521, 165 A. 837, and
 
 Twersky v. Pennsylvania Railroad Co.,
 
 261 Pa. 6,104 A. 63, relied upon by appellant. In the Mulford case the plaintiff alighted from a street car in the
 
 middle of the block,
 
 and then stepped into a large hole. Our Supreme Court stated that there was nothing which so obscured her view that she could not see the defect. In the Twersky case the plaintiff was stepping from a train platform to a station platform. Had she looked she would have seen the open space between the platforms, which must necessarily exist and be expected. Her excuse for failure to look was insufficient. In the present case wife plaintiff was walking on a sidewalk where, under the circumstances, she had no special reason to anticipate a danger of the character encountered.
 
 Duvall v. City of New Castle,
 
 supra, p. 575.
 

 Judgments are affirmed.