Petruski et vir., Appellants, *v.* Duquesne City.

Argued April 27, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Edward O. Spotts, Jr.,* with him *J. L. Weinstein,* for
appellants.

*H. E. McCamey,* of *Dickie, Robinson & McCamey,* for
appellee.

OPINION BY HIRT, J., July 16, 1943:

This is a sidewalk case in which the jury found in
favor of both plaintiffs for injury to the wife. These
appeals question the entry of judgments for defendant
n.o.v.

In the late morning of August 18, 1938 plaintiff
Eleanor Petruski walked from her home in the City of
Duquesne to the City Hall. In leaving the building
she retraced her steps northwardly along the sidewalk
of Second Street in the direction of Grant Street and
had proceeded but a short distance when about to step
down into a driveway leading from the street into the
Fire Department, the heel of her right shoe was caught

in a hole between the curb bounding the driveway and the sidewalk on Second Street. The hole was triangular in shape of a maximum width of 4½ inches, sloping to a depth of 3 inches. The evidence charges the city with constructive notice of the defect.

Passing the question of the city's negligence we agree with the lower court that plaintiffs are barred by the contributory negligence of the wife.

Pedestrians have the right to assume that pavements are reasonably safe and that "by the ordinary use of their eyes" they may safely walk upon them. *Bruch v. Philadelphia*, 181 Pa. 588, 37 A. 818. And one using a pavement need not "keep his vision glued to the sidewalk immediately in front" of him. *Gorman & Gorman v. Philadelphia*, 82 Pa. Superior Ct. 136. On the other hand "irregularities in grade, unevenness in surface, sharp depressions at crossings, accidental displacement of brick or stone, and many other things which may or may not be defects but yet sufficient in themselves to cause accident to the unwary, are so common and usual [Cf. *German v. McKeesport City*, 137 Pa. Superior Ct. 41, 8 A. 2d 437] that it is the duty of a pedestrian to be observant of such fact, and not to walk blindly." *Lerner v. City of Philadelphia*, 221 Pa. 294, 70 A. 755.

The injury in the present case occurred on a bright clear morning and the sidewalk was dry. The wife-plaintiff did not observe the defect before stepping into it. Following the injury she sat on a bench six feet away from the hole and from that distance she observed it plainly. The defect was obvious and under ordinary circumstances she must have seen it in time to avoid injury if she had looked. Cf. *D'Annunzio v. Phila. Sub. Water Co.*, 143 Pa. Superior Ct. 422, 18 A. 2d 86. The law exacts reasonable care of those who use public footways and if this plaintiff failed to notice an obvious danger she was negligent as a matter of law (*Walker v. Stern*, 132 Pa. Superior Ct. 343, 200 A. 897) unless

conditions outside herself prevented her from seeing the defect or excused her failure to observe it. *Lerner v. City of Philadelphia,* supra. Under the circumstances there was a presumption that the wife-plaintiff was negligent. *Klein v. City of Pittsburgh,* 97 Pa. Superior Ct. 56.

This plaintiff attempted to justify her failure to see the hole before stepping into it by her testimony that there were other pedestrians on the sidewalk. The testimony of the circumstances leading up to the accident is not clear nor wholly consistent. But viewed in the light most favorable to plaintiffs these facts are established: She was 38 years old; there is no evidence of physical infirmity. On the sidewalk "there were people going back and forth." There were three or four persons walking in front of her "just about a foot or two away." The pavement extended to the curb on Second Street and she was walking between the middle of the sidewalk and the curb. As she approached the curb along the driveway which, at the place of the accident, curved to join the curb on Second Street, she observed a "couple people" standing "back in the driveway ...... near that tree." The sidewalk was seven feet wide and the photographs in evidence show "that tree" to be within a foot or two of the driveway on the west or property line of the sidewalk in question. As to the defect and her manner of approach she testified: "It was a hole big enough you could see it"; "I was looking where I was going; I didn't look for any hole." And when asked: "Is there any reason why you didn't see it?", she replied: "I told you I just walked up. I didn't look for anything like that. I looked where I was going but I didn't look around the sidewalk to spot everything on it."

Sidewalks are provided not for the few but for all. And using a sidewalk of a busy city street along with other pedestrians is an experience common to every

one. The mere fact that others are on a sidewalk, in itself, does not relieve a pedestrian from the duty of exercising ordinary care nor absolve him from the penalty of contributory negligence. Plaintiffs in this case have not shown a crowded condition of the sidewalk nor any unusual conduct of other pedestrians which prevented the wife from observing the defect in the sidewalk, nor any untoward occurrence which diverted her attention as in *Emmey v. Stanley Co. of America,* 139 Pa. Superior Ct. 69, 10 A. 2d 795. There were two people walking in front of her "a foot or two away." But the important fact is that the distance between them was within the control of this plaintiff. There is no evidence of pressure upon her from other users making it necessary for her to walk where she did. She might have and should have retarded her pace or stepped aside. She also was in control of the situation as she approached the curb of the driveway. No sudden emergency was presented by those standing by the tree in the driveway. They did not move nor obstruct her view of the hole at the curb. There was three feet of sidewalk to the right of it for her to proceed in safety. The inference is inescapable, either that this plaintiff did not exercise due care by observing what was plainly visible or that she of her own choice followed so closely upon other users of the sidewalk that she could not see. Plaintiffs are barred by the contributory negligence of the wife on either alternative. It was not enough for plaintiff to say that she looked and did not see the hole. Any exercise of reasonable diligence would have disclosed it. *Lane v. Dickinson,* 276 Pa. 306, 120 A. 264. The same result follows if she without compulsion was following other pedestrians so closely that she could not see the footway in front of her. *Twersky v. Penna. R. R. Co.,* 261 Pa. 6, 104 A. 63; *Mulford v. Phila. R. T. Co.,* 310 Pa. 521, 165 A. 837.

The burden was upon the plaintiffs to show condi-

tions outside of the wife which prevented her from seeing the defect or excused her from observing it. *Lerner v. City of Philadelphia,* supra; *D'Annunzio v. Phila. Sub. Water Co.,* supra. In any view of the testimony this burden has not been met.

Judgments affirmed.