## Walsh *v*. Philadelphia (et al., Appellant).

Argued March 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Michael A. Foley,* for appellants.

*Michael Shekmar,* with him *Joseph G. Feldman, Aaron W. White,* Assistant City Solicitor, and *Abraham L. Freedman,* City Solicitor, for appellees.

OPINION BY ROSS, J., July 13, 1954:

This is an action of trespass brought by Vera Walsh and Robert C. Walsh, her husband, to recover damages for injuries sustained by Vera Walsh in a sidewalk fall. The action was brought against the City of Philadelphia, and the city brought on the record as additional defendants the owners of the premises, Harry Kolchinsky and Esther Kolchinsky, his wife, and the first floor tenants, Max Koltun and Ray Koltun, his wife. By agreement of the parties the city was taken out of the case. The jury returned a verdict in favor of the plaintiffs, and the trial court decided as a matter of law on undisputed facts that judgment should be entered against Max and Ray Koltun alone. From this determination and from the refusal of their motion for judgment n.o.v., the Koltuns have appealed to this Court.

When, as here, the appeal is from the refusal to enter judgment n.o.v. for defendant, we must consider the testimony in the light most advantageous to plaintiffs, giving them the benefit of every fact and every reasonable inference therefrom, resolving conflicts in the testimony in their favor. *Smith v. Kravitz,* 173 Pa. Superior Ct. 11, 93 A. 2d 889. So considered, the facts of the instant case may be summarized as follows: On November 16, 1951, in the middle of the afternoon, the wife-plaintiff (hereinafter referred to as plaintiff) left her

place of employment to go to "Max's Lunch Room" for a cup of coffee. At that time it was "drizzling". She crossed Walton Avenue "diagonally" with "about seven or eight people in front of" her. Immediately in front of her was a "tall" man, so close she "could have touched him". When the group crossing the street reached the far side of it "everybody else stepped up the curb, and I put my foot up to step on the curb, and my foot caught where the piece of curb was out, and it threw me down". The break in the curb which caused plaintiff to fall was 12 inches wide and 7 inches deep "outside, towards the street", and 4 inches deep where it met the sidewalk. Plaintiff stated she was not aware of the existence of the "hole" prior to the time of the accident. She explained that she failed to observe it then because of the "people in front of me, and this big, tall colored fellow . . . right in front of me".

On these facts the question is whether plaintiff was contributorily negligent as a matter of law. We are agreed that she was, and for that reason will reverse the judgment of the court below.

One who, in broad daylight, walks into an obvious defect in a sidewalk is presumptively negligent and the burden is upon that person to show conditions outside of himself which prevented his seeing the defect, or which would excuse failure to observe it. *McDonald v. Mars Borough,* 371 Pa. 625, 92 A. 2d 199; *Leson v. Pittsburgh,* 353 Pa. 207, 44 A. 2d 577; *Lerner v. Philadelphia,* 221 Pa. 294, 70 A. 755; *Petruski v. Duquesne City,* 152 Pa. Superior Ct. 393, 33 A. 2d 436; *Walker v. Stern,* 132 Pa. Superior Ct. 343, 200 A. 897. It is entirely clear from an examination of the record, particularly including pictures introduced as exhibits by the plaintiff, that the break in the curb which caused plaintiff to fall was an obvious defect. We think further that

plaintiff has failed to show conditions which would excuse her failure to observe it.

The instant case is very similar to *Petruski v. Duquesne City*, 152 Pa. Superior Ct. 393, 33 A. 2d 436, supra. In that case the jury found for plaintiffs, husband and wife, and the court below entered judgments n.o.v. for defendant. The facts were that the wife-plaintiff on a dry, "bright clear morning" caught her heel in a hole between a curb bounding a driveway and the sidewalk. The hole was triangular, of a maximum width of $4\frac{1}{2}$ inches, sloping to a depth of 3 inches. We affirmed the judgment of the court below, stating at page 397: "The mere fact that others are on a sidewalk, in itself, does not relieve a pedestrian from the duty of exercising ordinary care nor absolve him from the penalty of contributory negligence. Plaintiffs in this case have not shown a crowded condition of the sidewalk nor any unusual conduct of other pedestrians which prevented the wife from observing the defect in the sidewalk, nor any untoward occurrence which diverted her attention as in Emmey v. Stanley Co. of America, 139 Pa. Superior Ct. 69, 10 A. 2d 795. There were two people walking in front of her 'a foot or two away'. But the important fact is that the distance between them was within the control of this plaintiff. There is no evidence of pressure upon her from other users making it necessary for her to walk where she did. She might have and should have retarded her pace or stepped aside. She also was in control of the situation as she approached the curb of the driveway. No sudden emergency was presented by those standing by the tree in the driveway. . . . The inference is inescapable, either that this plaintiff did not exercise due care by observing what was plainly visible or that she of her own choice followed so closely upon other users of the sidewalk that she could not see. . . ."

In *Mulford v. Phila. Rapid Transit Co.*, 310 Pa. 521, 165 A. 837, the wife-plaintiff was the last of several passengers to get off a trolley. The persons in front of her traversed the distance between the trolley and the curb in safety, but the wife-plaintiff took a couple of steps and then stepped into a depression 6 to 8 inches deep and about the size of a manhole cover. The court below refused to take off a compulsory nonsuit and plaintiffs appealed. The Supreme Court affirmed the judgment, stating at page 523 : "There is no merit whatever in appellants' contention that Mrs. Mulford's view may have been obscured by the passengers who preceded her. There is nothing in the record to show that her view was so obscured. She was the last to alight, and there was no reason why she could not, if necessary, have increased the distance between herself and the passengers in front. If her view was so obstructed, it was her own fault. As in Twersky v. P. R. R. Co., 261 Pa. 6, 'A moment's delay on her part would have prejudiced nothing, and would have enabled her with a mere look to take in the whole situation with respect to her own safety.' "

The plaintiff cites a number of cases which she contends support her position that she has satisfactorily explained her failure to see the defect by showing that she was close to a pedestrian in front of her. We cannot agree.

In *Brodsky v. Philadelphia*, 66 Pa. Superior Ct. 467, the plaintiff failed to see a depression in a sidewalk because there were "at least" 25 school children running around her. She was surrounded by children. We held that the case was properly submitted to the jury. In *Becker v. Philadelphia*, 212 Pa. 379, 61 A. 942 as plaintiff approached a depression in the sidewalk there were about 25 or 30 men walking *toward* her carrying suitcases and bags in their hands. They obstructed her view

of the sidewalk in front of her and of the depression. The crowd of men separated and allowed her to pass, and almost immediately after she emerged she stepped in the hole and fell. Plaintiff appealed from the refusal of the court below to take off a compulsory nonsuit. The Supreme Court reversed and awarded a procedendo.

In *Hardiman v. Pittsburgh Rys. Co.*, 339 Pa. 79, 14 A. 2d 72, the plaintiff stepped into a depression near a street car track. The Supreme Court stated at page 82: "When a pedestrian crosses a street with traffic at the 'rush hour' of the afternoon, as this elderly woman did, and the crowd traveling with her is so dense that she could touch the pedestrian in front of her, it cannot be said that her negligence is so obvious as to be declarable as a matter of law. This is not one of those cases in which plaintiff steps into a hole and shows no external conditions which prevented her from seeing it. The external condition here was the 'rush hour' *crowd of pedestrians of which she was a part*. Plaintiff testified: 'We were a group waiting, and when the signal went on we all started over together.' This presents a factual situation different from that where a pedestrian is alone and has an opportunity for a leisurely observation of the path he is taking." (Italics supplied.)

In *Emmey v. Stanley Co. of America*, 139 Pa. Superior Ct. 69, 10 A. 2d 795, plaintiff's explanation of her failure to see a depression was that she was startled by the sight of a police officer driving loafers off steps in front of her and to avoid walking into him and them had to step suddenly to her right, intending to cross to the other side of the street. With respect to contributory negligence we approved this language of the court below (page 76): ". . . as she [plaintiff] traversed the sidewalk and observed the policeman accosting loiterers, she doubtless experienced the timidity common to women under such circumstances and a reluctance to

be near to a scene of disorder. Her attention was distracted, divided, and she did only what a woman would naturally do under the circumstances in changing her course to avoid walking between the police officer and those with whom he was engaged. She was not bound to anticipate traps or defects in the sidewalk—her duty was only to avoid them if they were observable and observed in the exercise of ordinary prudence."

In *Carton v. Philadelphia,* 146 Pa. Superior Ct. 381, 22 A. 2d 603, the wife-plaintiff was walking along a sidewalk flanked to the left by her daughter and granddaughter in that order. The daughter was pushing a baby carriage. The sidewalk narrowed because of steps which projected into it. The wife-plaintiff "dropped back a bit" to permit her daughter to pass with the carriage. In turning to resume her former position alongside her daughter she stepped into a hole which was in the middle of the sidewalk. The baby carriage had passed over the hole. This, together with the position of the parties, prevented her from seeing the defect. We stated at page 383: "Wife plaintiff, an elderly woman, had to observe that she was clear of the steps, and that she did not come in contact with her daughter. Her temporary position a step back of her daughter, which obscured her vision was explained. The accident happened only three feet beyond the end of the steps while she was attempting to reach again the side of her daughter. Whether, under the circumstances, she exercised reasonable care was clearly a question for the jury."

The actions of the policeman and a group of loiterers in the *Emmey* case and the presence of the baby carriage in the *Carton* case introduce circumstances not present in the case at bar. Here the plaintiff's only explanation for not seeing the defect was that she was walking close behind another pedestrian. We think that the other cases cited above establish the following rule:

Where the evidence indicates that the plaintiff, by simply hesitating momentarily or by stepping aside, could have seen and avoided the defect in the sidewalk or cartway, and there appears no valid reason for failing to do so, then the plaintiff is guilty of contributory negligence as a matter of law.

We can see nothing in the present case to excuse the plaintiff's failure to increase the distance between herself and the pedestrian in front of her. There is no evidence in the record that there was anyone following her. She was not part of a "rush hour crowd of pedestrians", as was the plaintiff in the *Hardiman* case. Nor was she in an "assembly line procession of walking" with other pedestrians preceding and following her, as was the plaintiff in *Casey v. Singer,* 372 Pa. 284, 93 A. 2d 470.

In view of our conclusion that the plaintiff was guilty of contributory negligence as a matter of law, it is not necessary for us to decide the liability for her injuries as between the landlord and the tenants of the first floor.

Judgment reversed, and here entered in favor of the defendants.